No. 3–08–0758

Filed March 30, 2010

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 08-CF-97 |
| v. | ) ) | |
| JIMMY NORRIS, | ) ) | Honorable Ted J. Hamer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

After a jury trial, defendant, Jimmy Norris, was convicted of two counts of attempted theft by deception and one count of violation of an order of protection. Defendant was sentenced to 14 years' imprisonment for the first count of attempted theft by deception and to two concurrent terms of 364 days in county jail for the two remaining offenses. Defendant appeals his conviction on the first count of attempted theft by deception, arguing that he was not proven guilty of that offense beyond a reasonable doubt. We affirm defendant's convictions and sentences.

FACTS

The facts necessary to resolve this appeal can be summarized as follows. Helen and Frank Collins were an elderly couple that lived in Henry County. Defendant had worked for Helen and Frank for several years as a farm hand. In November of 2006, Helen obtained a plenary order of protection against defendant, which prohibited defendant from making either direct or indirect

contact with Helen or Frank. Defendant was served with the plenary order of protection later that same month. The plenary order indicated that it would expire in November of 2008.

In November or December of 2006, Frank passed away. His will was filed in Henry County in January of 2007. Pursuant to the terms of the will, all of Frank's estate was to be given to Helen. Defendant was not named in the will in any respect or listed as a beneficiary. Frank did not have a life insurance policy in effect when he passed away and Helen did not receive a large amount of money as a result of Frank's passing. In fact, Helen needed assistance to pay Frank's funeral expenses.

On or about December 19, 2007, Helen received a letter from Jeff Smith, who was an inmate with defendant in the department of corrections. In the rambling letter, Smith represented that he was the pro se attorney for defendant and that he was preparing a lawsuit for defendant regarding Frank's will. Smith alleged that defendant was supposed to be a beneficiary under the will and that defendant was denied that opportunity through certain improprieties on Helen's part. Smith suggested twice in the letter that it would be in Helen's best interest to settle the matter, pointing out that the attorney fees could add up to over $8,000 ($5,000 for trial and $3,000 for an appeal), that the matter could be tied up in the courts for a long time, and that Helen would be served by the Henry County sheriff if she did not settle. Smith noted that he himself had been left out of his father's will and that he had brought suit over the matter and had won $20,000 in court. Smith asked Helen to contact defendant and noted that the existing order of protection would have to be dropped for defendant to be able to get work release from prison. Smith asked Helen further to send three or four $50 money orders to defendant at the prison so that defendant could buy a television, shoes, and other items.

On January 11, 2008, defendant filed a pro se lawsuit in Henry County against Helen for breach of an oral agreement. The lawsuit was drafted by Smith. Defendant alleged in the suit that he was wrongfully deprived of a portion of Frank's estate and the proceeds of Frank's insurance policy. Defendant sought $350,000 in damages against Helen.

In March of 2008, the State filed the instant charges against defendant. Count I of the charging instrument alleged that on or about January 11, 2008, defendant committed the offense of attempted theft, a Class 2 felony, in that defendant, "with the intent to commit the offense of Theft, in violation of Section 16-1(a)(2) and Section 16-1(b)(6) of Act 5 of Chapter 720 of the Illinois Compiled Statutes, performed a substantial step toward the commission of that offense, in that he filed a lawsuit against Helen J. Collins and caused a summons to be issued to Helen J. Collins in Henry County Case No. 08-L-3 seeking $350,000.00 in damages that the defendant alleged he was entitled to from a will and life insurance policy allegedly created by Helen J. Collins' deceased husband, Frank Collins, and the defendant knew that no such will or life insurance policy existed, in violation of 720 ILCS 5/8-4(a)." Count II of the charging instrument alleged that on or about December 19, 2007, defendant committed the offense of attempted theft, a Class A misdemeanor, in that defendant, "with the intent to commit the offense of Theft, in violation of Section 16-1(a)(2) and Section 16-1(b)(1) of Act 5, Chapter 720 of the Illinois Compiled Statutes, performed a substantial step toward the commission of that offense, in that he caused Jeff Smith to write a letter to Helen J. Collins asking for $200.00 to settle a proposed lawsuit over an alleged will and life insurance policy of Helen J. Collins, and the defendant knew that no such will or life insurance policy existed, in violation of 720 ILCS 5/8-4(a)." Count III of the charging instrument alleged that on or about December 19, 2007, defendant committed the offense of unlawful violation of an order

3

of protection, a Class A misdemeanor, in that defendant, "having been served with notice or otherwise having acquired actual knowledge of the contents of an Order of Protection, No. 06-OP-177, issued on November 17, 2006, by the Circuit Court of Henry County, pursuant to the Illinois Domestic Violence Act, did intentionally commit an act which was prohibited by the Order of Protection, in that said defendant caused Jeff Smith to send Helen J. Collins a letter threatening to file a lawsuit against Helen J. Collins unless she sent the defendant $200.00, said contact being in violation of Paragraph R01 of the Order of Protection, in violation of 720 ILCS 5/12-30."

The case proceeded to a jury trial in July of 2008. The jury heard the testimony of Helen, defendant, Jeff Smith, and other witnesses. Notably, conflicting testimony was presented regarding Frank's mental state and regarding whether defendant had any basis to believe that he was going to be a beneficiary under Frank's life insurance or will.[1] Several documents were admitted into evidence, including a copy of Frank's will that had been filed in Henry County, a copy of the letter sent to Helen by Smith, a copy of the order of protection, and a copy of the complaint filed by defendant in his civil lawsuit against Helen. Also admitted, over defendant's objection after a denial of a motion in limine, was a certified copy of conviction showing that defendant in 2007 had previously been convicted in Henry County of theft over $100,000 from Helen. The jury also heard testimony from witnesses regarding the circumstances that gave rise to that prior offense. After hearing all of the evidence, the jury found defendant guilty of all three charges.

Defendant filed a motion for new trial, which was subsequently denied. After a sentencing

---

[1]On appeal, defendant does not dispute the sufficiency of the evidence as to the intent element of the charge. Thus, the testimony at trial relevant to that element has, for the most part, been omitted here.

hearing, defendant was sentenced to 14 years' imprisonment for the first count of attempted theft by deception and to two concurrent terms of 364 days in county jail for the two remaining offenses. This appeal followed.

ANALYSIS

On appeal, defendant argues that he was not proven guilty beyond a reasonable doubt of attempted theft by deception in excess of $100,000 as alleged in count I of the charging instrument. Defendant does not dispute the jury's determination that defendant had the requisite specific intent to support a finding of guilty as to count I. Rather, defendant asserts that the State failed to establish that defendant committed a substantial step toward the commission of the crime, an element necessary to sustain the conviction.[2] Defendant asks that we reverse his conviction and vacate his sentence as to that particular offense.

The State argues that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. The State does not meet defendant's argument on appeal directly and does not assert that the filing of the lawsuit alone was sufficient to satisfy the substantial-step requirement for attempted theft by deception in excess of $100,000. Rather, the State combines defendant's acts and asserts that the solicitation of a settlement from Helen (through the letter) and the filing of a lawsuit

---

[2]Although defendant's reply brief makes reference to the one-act, one-crime doctrine in response to the argument made by the State, defendant did not assert that doctrine as a basis for vacating either conviction for attempted theft by deception. Defendant's appellate counsel confirmed in oral argument that she was not seeking to have either of the two attempted-theft-by-deception convictions vacated on the basis of one-act, one-crime. Accordingly, we have not addressed that issue here.

5

against Helen were sufficient to satisfy the substantial-step element necessary to support a conviction on count I of the charging instrument. The State makes that argument although at trial it charged this case in such a manner as to separate defendant's acts into two separate attempted theft by deception charges, one for defendant's filing of the lawsuit and one for defendant's sending of the letter, and then obtained a conviction on both of those charges after a trial. The State notes that the charges contained in the charging instrument must be read together and that a missing element from one count of a charging instrument may be supplied by another count of that same instrument. The State asserts further that defendant's conduct in this case was part of an overall plan to deceive Helen into paying defendant $350,000 as a result of the lawsuit, or in the alternative, to pay defendant $200 to settle the lawsuit, a lawsuit that defendant knew was groundless. The State asks that we affirm defendant's conviction and sentence for attempted theft by deception in excess of $100,000 as alleged in count I of the charging instrument.

Initially, we must determine the appropriate standard of review. Defendant frames this issue as a question of law. Defendant argues that the filing of a lawsuit, even a knowingly false one, cannot as a matter of law constitute a substantial step toward the commission of an attempted theft by deception. Defendant asserts that the appropriate standard of review is de novo because he is raising only a narrow legal issue regarding whether certain undisputed facts, as a matter of law, are sufficient to constitute the substantial-step element of the offense of attempted theft by deception. See In re Ryan B., 212 Ill. 2d 226, 231, 817 N.E.2d 495, 497-98 (2004) (because respondent's challenge to the sufficiency of the evidence against him did not question the credibility of the witnesses but instead questioned whether the uncontested facts were sufficient to prove the elements of sexual exploitation of a child, supreme court's standard of review of issue was de novo); People

6

v. Smith, 191 Ill. 2d 408, 411, 732 N.E.2d 513, 514 (2000) (because the facts were not in dispute, defendant's guilt of armed violence was a question of law, which the supreme court reviewed de novo); People v. Chirchirillo, 393 Ill. App. 3d 916, 921, 913 N.E.2d 635, 640 (2009) (where the relevant facts were uncontested and the issue concerned whether those uncontested facts established the elements of unlawful possession of a weapon by a felon under an accountability theory, de novo review was appropriate for defendant's claim on appeal).

The issue in this case, however, cannot be so narrowly defined. Whether a defendant's conduct constitutes a substantial step toward the commission of a specific crime is a question of fact that must be determined on a case-by-case basis from all of the unique facts and circumstances surrounding the events in question. See People v. Terrell, 99 Ill. 2d 427, 433, 459 N.E.2d 1337, 1340 (1984); People v. Brown, 75 Ill. App. 3d 503, 505, 394 N.E.2d 63, 65 (1979); People v. Hagan, 199 Ill. App. 3d 267, 284, 556 N.E.2d 1224, 1236 (1990); People v. Rincon, 387 Ill. App. 3d 708, 723, 900 N.E.2d 1192, 1205 (2008). The jury heard all of the unique facts and circumstances in the present case, judged the credibility of the witnesses, and determined beyond a reasonable doubt that defendant intended to commit theft by deception in excess of $100,000 and that defendant's conduct constituted a substantial step toward the commission of that crime. Under those circumstances, a challenge as to the sufficiency of the evidence is not a question a law. See People v. Rizzo, 362 Ill. App. 3d 444, 448-49, 842 N.E.2d 727, 731-32 (2005). The appropriate standard of review, therefore, is that set forth in People v. Collins, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). In reaching that conclusion, we note that there are situations where parties may stipulate to a very narrow set of facts so as to give rise to a question of law for the trial court and the appellate court to review. The parties did not proceed in that manner in the present case. We further note that at the trial level in the

present case, the instant defendant did not file a pretrial motion to dismiss the charge in question for failure to state an offense. See 725 ILCS 5/114-1(a)(8) (West 2008).

Pursuant to the Collins standard, a reviewing court faced with a challenge to the sufficiency of the evidence must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. Collins, 106 Ill. 2d at 261, 478 N.E.2d at 277; People v. Jackson, 232 Ill. 2d 246, 280, 903 N.E.2d 388, 406 (2009). The reviewing court will not retry the defendant. People v. Jimerson, 127 Ill. 2d 12, 43, 535 N.E.2d 889, 903 (1989). Determinations of witness credibility, the weight to be given testimony, and the reasonable inferences to be drawn from the evidence are responsibilities of the trier of fact, not the reviewing court. See Jimerson, 127 Ill. 2d at 43, 535 N.E.2d at 903. Thus, the Collins standard of review gives " 'full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' " Jackson, 232 Ill. 2d at 281, 903 N.E.2d at 406-07, quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). This same standard of review is applied by the reviewing court regardless of whether the evidence is direct or circumstantial or whether defendant received a bench or a jury trial and circumstantial evidence meeting this standard is sufficient to sustain a criminal conviction. Jackson, 232 Ill. 2d at 281, 903 N.E.2d at 406; People v. Kotlarz, 193 Ill. 2d 272, 298, 738 N.E.2d 906, 919 (2000). In applying the Collins standard of review, a reviewing court will not reverse a conviction unless the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt of the defendant's guilt. Jackson, 232 Ill. 2d at 281, 903 N.E.2d at 407; People v. Flowers, 306 Ill. App. 3d 259, 266, 714 N.E.2d 577, 582 (1999).

A person commits theft by deception in excess of $100,000 when he knowingly obtains by deception control over property of the owner, having a value in excess of $100,000, and intends to deprive the owner permanently of the use or benefit of that property. 720 ILCS 5/16-1(a)(2)(A), (b)(6) (West 2008); Kotlarz, 193 Ill. 2d at 299, 738 N.E.2d at 919. To establish the offense of attempt, the State must establish that the defendant intended to commit a specific offense (in this case, theft by deception in excess of $100,000) and that he committed an act that constituted a substantial step toward the commission of that offense. 720 ILCS 5/8-4(a) (West 2008); Hagan, 199 Ill. App. 3d at 284, 556 N.E.2d at 1236.

The determination of whether a defendant's conduct satisfies the substantial-step element of attempt can be a difficult issue to resolve. The analysis to be applied in making that determination was previously set forth in People v. Brown, in which this court stated:

"Determining what constitutes a 'substantial step' under our attempt statute has been one of the most troublesome problems of our criminal law. [Citation.] On the one hand, it is clear that mere preparation to commit a criminal offense does not constitute a 'substantial step' for the purposes of the attempt statute. [Citations.] On the other hand, it is equally clear that to constitute an attempt it is not necessary to prove that the defendant performed the last deed immediately preceding that which would render the substantive crime complete. [Citation.] Each attempt case must be answered on its own unique facts, and the essential question which must be answered is whether, given the intent to commit a specific offense, the defendant

9

performed acts bringing him in 'dangerous proximity to success in carrying out his intent.' [Citation.]" Brown, 75 Ill. App. 3d at 505, 394 N.E.2d at 65.

The analysis set forth in Brown, or one similar thereto, has been applied by our supreme court and other appellate courts in determining whether a defendant's conduct constituted a substantial step toward the commission of a crime for the purposes of an attempt charge. See Terrell, 99 Ill. 2d at 433-36, 459 N.E.2d at 1340-42; Hagan, 199 Ill. App. 3d at 283-85, 556 N.E.2d at 1235-37; Rincon, 387 Ill. App. 3d at 722-25, 900 N.E.2d at 1204-07. As indicated above, given the intent to commit the specific offense, the remaining question in the instant case concerns the whether defendant's conduct constituted a substantial step toward the commission of the offense.

Applying that analysis here and the proper standard of review, we find that all of the unique facts and circumstances involved in this case, viewed in the light most favorable to the State, were sufficient to establish that defendant had taken a substantial step toward the commission of attempted theft by deception in excess of $100,000, when he filed his lawsuit against Helen for $350,000 in damages. The filing of the complaint in the instant case was evidence of both the intent to commit the offense, as well as an act which constituted a substantial step toward the commission of the offense. See People v. Elmore, 50 Ill. 2d 10, 13, 276 N.E.2d 325, 327 (1971). We do not agree with defendant's contention that the filing of a lawsuit can never constitute a substantial step toward the commission of an attempted theft by deception. That act of filing the lawsuit is understood in the context of all the circumstances in this case. In that regard, the jury's finding of the required specific intent to commit the offense aids in revealing the character and meaning of the conduct as a substantial step toward the commission of the offense. To adopt defendant's position would not be

10

consistent with the individual facts and circumstances of this case or with the law regarding the substantial-step element as set forth above or with the standard of review that must be applied here. Indeed, as defendant has noted, it does not appear that any court has ever reached that conclusion.

Further, contrary to defendant's suggestion, our decision on this issue is not in any way negated by the fact that there are other alternative mechanisms available for addressing knowingly false allegations made in a lawsuit, such as dismissal, summary judgment, or sanctions, or even the possibility of filing a perjury charge. Suffice it to say, the State elected to charge defendant with the offense alleged and the jury, after hearing all of the evidence, found defendant guilty of that offense. Under the circumstances of this case, the evidence that defendant had taken a substantial step toward the commission of that offense was not so improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt. See Jackson, 232 Ill. 2d at 281, 903 N.E.2d at 407; Flowers, 306 Ill. App. 3d at 266, 714 N.E.2d at 582. Defendant's conviction on count I, therefore, must be affirmed.

In reaching that conclusion, however, we are mindful of the underlying concern raised in defendant's argument, that the mere filing of a civil lawsuit should not justify or warrant the filing of criminal charges for attempted theft by deception. However, given the intent to commit the specific offense and the unique circumstances present in the instant case, the filing of the instant lawsuit satisfied the substantial-step element of attempted theft by deception and warranted the filing of criminal charges for that offense. Whereas, on the other hand, an overt act, such as the filing of a civil lawsuit sufficient to meet the substantial-step requirement, is insufficient to convict an individual for criminal attempt absent the requisite specific intent to commit the crime. See People v. Jones, 184 Ill. App. 3d 412, 430, 541 N.E.2d 132, 143 (1989).

For the foregoing reasons, we affirm the judgment of the circuit court of Henry County.

11

Affirmed.

HOLDRIDGE, P.J. and WRIGHT, . J. concurring.