NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011
Decided May 4, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3411

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 22-1 |
| SHAUNTEL ANDREWS, *Defendant-Appellant.* | Marvin E. Aspen, *Judge.* |

**O R D E R**

Shauntel Andrews walked into a bank and, with a .45-caliber pistol in full view, commanded a teller to put money into his bag. When Andrews noticed a customer, he cocked his pistol and ordered the customer to "back away" because he "didn't want a hostage situation." Andrews pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), and one count of possessing a firearm in furtherance of a crime of violence, *id.* § 924(c)(1). The probation officer designated Andrews as a career criminal based on prior convictions for vehicular hijacking and attempted armed robbery and calculated an imprisonment range of 272 to 319 months. The district court adopted the probation officer's calculation and sentenced Andrews to a total of 272 months.

Andrews filed a notice of appeal, but his appointed counsel has concluded that the case is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Andrews opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and the submissions from Andrews. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Appellate counsel represents that Andrews does not want his guilty pleas vacated, and Andrews does not dispute this assertion. Thus, counsel appropriately omits discussion about the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), and the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first questions whether Andrews could argue that the district court committed a procedural error at sentencing. *See United States v. Hall*, 608 F.3d 340, 346 (7th Cir. 2010). A district court commits a procedural error if, among other potential shortcomings, the court fails to calculate or improperly calculates the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008). Counsel tells us that the district court did not announce the imprisonment range during the sentencing hearing, and on that basis the lawyer suggests that Andrews might be able to argue that the court never actually calculated the range. The court and the parties, however, made repeated references to the range, including the district court's explicit acknowledgment that 272 months reflected "the very low end of the guideline," consisting of "188 months on Count 1, and 84 months on Count 2." The court also adopted the probation officer's calculations and set forth the imprisonment range in its written statement of reasons, so a claim that no calculation was made would be particularly frivolous. *See United States v. Anderson*, 604 F.3d 997, 1003-04 (7th Cir. 2010); *United States v. Gibbs*, 578 F.3d 694, 695-96 (7th Cir. 2009).

In a Rule 51(b) response, Andrews proposes to argue that a guidelines range controlled by his status as a career offender, *see* U.S.S.G § 4B1.1, is erroneous because, he says, "there was no overt act at all" relating to an underlying conviction for attempted armed robbery. Andrews had acquired guns and was casing a Pizza Hut restaurant when police intervened, and he posits that his actions had not gone far enough to make this attempted robbery a "crime of violence."

Even if this contention had rested on a solid legal footing, Andrews would still be a career offender. Only two qualifying convictions are necessary. *Id.* § 4B1.1(a). Andrews has a conviction for vehicular hijacking, 720 ILCS 5/18-3, which is a crime of violence, *see* U.S.S.G. § 4B1.2(a); *United States v. Mathijssen*, 406 F.3d 496, 500 (8th Cir. 2005). And he also has a *second* conviction for attempted armed robbery, one that Andrews has not impugned as lacking an "overt act." The district court assigned just 3 criminal history points to these

attempted robberies, instead of the 6 points recommended by the probation officer, after accepting defense counsel's argument that the two prosecutions were only "nominally distinct" and in fact "functionally consolidated." This was a mistake. Prior convictions always count separately if they were not charged together or the defendant was not sentenced for each crime in the same proceeding. U.S.S.G. § 4A1.2(a)(2); *United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008); *United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir. 2008). And after Amendment 709 to the sentencing guidelines, neither formal nor "functional"consolidation are relevant factors. *See* U.S.S.G. supp. app. C., 238-39 (2010); *United States v. Statham*, 581 F.3d 548, 554 (7th Cir. 2009); *United States v. Alexander*, 553 F.3d 591, 592-93 (7th Cir. 2009). The two crimes were charged separately and Andrews was sentenced at different times, so both convictions for attempted robbery count. Moreover, even if one but not the other could be counted, Andrews never cited any legal support for his assumption that he would get to throw out the conviction with the greater impact.

A shorter answer though, is that Andrews is mistaken in thinking that his attempt to rob the Pizza Hut was not a crime of violence. The sentencing guidelines designate robbery as a crime of violence and explain that an attempt to commit a crime of violence itself qualifies as a crime of violence. U.S.S.G. § 4B1.2 cmt. n.1. And despite Andrews's insinuation that a conviction for attempted armed robbery under Illinois law could be based on mere preparation, Illinois law and the sentencing guidelines embrace the same contemporary requirement of a substantial step toward committing the crime. *See United States v. Ross*, 613 F.3d 805, 809 (8th Cir. 2010); *United States v. Sarbia*, 367 F.3d 1079, 1086 (9th Cir. 2004); *People v. Smith*, 593 N.E.2d 533, 536-37 (Ill. 1992); *People v. Terrell*, 459 N.E.2d 1337, 1341 (Ill. 1984); *People v. Garrett*, 928 N.E.2d 531, 536 (Ill. App. 2010). Because any Illinois conviction for attempted armed robbery thus would qualify as a crime of violence, *see Welch v. United States,* 604 F.3d 408, 410-11, 429 (7th Cir. 2010); *United States v. Woods*, 976 F.2d 1096, 1102 (7th Cir. 1992), the argument Andrews proposes to make would be frivolous.

Finally, counsel and Andrews examine whether the defendant could challenge the reasonableness of his prison sentence, but the arguments they contemplate would be frivolous. Andrews's status as a career offender yielded a criminal history category of VI and a total offense level of 31 after subtracting 3 levels for acceptance of responsibility. *See* U.S.S.G §§ 3E1.1, 4B1.1. Those figures, in conjunction with the sentence for the firearm count, resulted in an imprisonment range of 272 to 319 months, and we would presume that Andrews's sentence at the low end of that range is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Contrary to Andrews's assertion that the district court did not adequately consider his difficult childhood, when deciding on an appropriate sentence, the court specifically acknowledged that his upbringing was filled with "childhood deprivations." The court explained that

Andrews would have a more persuasive argument for leniency if he was 17 years old and being sentenced for his first crime. But given Andrews's history of recidivism, the court continued, he already had been given "lots of opportunities" and still "posed a danger to the community." We would not conclude that the court abused its discretion in sentencing Andrews, and thus counsel is correct that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.