## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2017
Decided February 26, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2122

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. MICHAEL RAY DAVIS, *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Illinois. No. 3:16-CR-30111-SMY Staci M. Yandle, *Judge.* |

**O R D E R**

Michael Davis pleaded guilty to unlawfully possessing a firearm as a felon and was sentenced to 96 months in prison. He challenges his sentence, arguing that the district court erred in calculating his offense level under the Sentencing Guidelines. The judge started from a base offense level of 26, relying in part on two prior convictions for "crimes of violence." *See* U.S.S.G. §§ 2K2.1(a)(1), 4B1.2(a). One of the predicates is an Illinois conviction for attempted armed robbery. Davis maintains that the Illinois crime of attempted armed robbery does not qualify as a crime of violence. We reject this argument and affirm.

A grand jury indicted Davis on one count of possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The firearm in question was semiautomatic with a large-capacity magazine. He eventually pleaded guilty. The probation office began its calculation of the Guidelines sentencing range by assigning a base offense level of 26 based on two case-specific characteristics: (1) Davis's offense involved a semiautomatic firearm capable of accepting a large-capacity magazine, *see* U.S.S.G. § 2K2.1(a)(1)(A); and (2) he has two qualifying convictions under § 2K2.1(a)(1)(B), which applies if the defendant has at least two prior adult convictions for either a "controlled substance offense" or a "crime of violence."

The Guidelines define "crime of violence" as a felony punishable by more than one year in prison that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (2016 ed.) (emphasis added). The Application Notes explain that the term "crime of violence" includes "the offense of aiding and abetting, conspiring, and *attempting to commit such offenses*." *Id.* § 4B1.2 cmt. n.1 (emphasis added).

The probation office identified two qualifying crimes of violence: an Illinois conviction for aggravated battery and an Illinois conviction for attempted armed robbery. Davis objected to counting the latter conviction. He argued that *attempted* armed robbery is not a crime of violence because an attempt crime requires only a "substantial step" toward completing the substantive offense, not "a violent step." The judge rejected this argument, noting that robbery is a specifically enumerated crime of violence and Application Note 1 expressly sweeps in *attempts* to commit a crime of violence. Starting with a base offense level of 26, the judge calculated a Guidelines sentencing range of 87 to 108 months and imposed a sentence of 96 months, the middle of the range.

On appeal Davis renews his contention that his Illinois conviction for attempted armed robbery is not a predicate crime of violence under the Guidelines. His argument is somewhat different than the one he advanced in the district court. He now maintains that the Illinois attempt crime "encompasses conduct broader than a generic attempt." That's incorrect. Illinois attempt law, like its federal counterpart, requires a "substantial step" toward the completed offense. *See* 720 ILL. COMP. STAT. 5/8-4(a) ("A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a *substantial step* toward the commission of that offense.") (emphasis added); *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013) ("Attempt convictions require specific intent to commit the full robbery and a substantial step taken toward that end."); *see also People v. Smith,* 593 N.E.2d 533, 535 (Ill. 1992); *People v. Terrell,* 459 N.E.2d 1337, 1341 (Ill. 1984); *People v. Garrett,* 928 N.E.2d 531, 536 (Ill. App. Ct. 2010).

There's nothing unique about Illinois's attempt statute that sets it apart from the generic offense. Indeed, in a similar case involving a conviction for attempted armed robbery under Illinois law, we said it would be frivolous to argue that the "substantial step" requirement in Illinois attempt law is more lenient than the generic contemporary requirement. *United States v. Andrews*, 419 F. App'x 673, 676 (7th Cir. 2011).

Davis fares no better with his argument that Illinois armed robbery does not qualify as a crime of violence. As we've noted, § 4B1.2(a)(2) expressly lists robbery as a qualifying predicate crime of violence. If more were needed, we have repeatedly held that Illinois robbery is a crime of violence under the "force" clause of § 4B1.2(a)(1). *See United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017); *United States v. Bedell*, 981 F.2d 915, 915–16 (7th Cir. 1992). Davis concedes the point but gives us no reason to overrule these decisions. The district court's judgment is

AFFIRMED.