PER CURIAM.
*707 Anthony Brown appeals his sentence of 120 months' imprisonment for bank robbery. He challenges the district court's[1] application of the crime of violence enhancement under the sentencing guidelines, contending that his Illinois attempted robbery conviction does not qualify as a career offender predicate under the guidelines's force clause. See U.S.S.G. § 4B1.2(a)(1). "We review de novo the district court's determination that a conviction constitutes a crime of violence." United States v. Williams , 899 F.3d 659, 662 (8th Cir. 2018).
We recently held that Illinois robbery is a "violent felony" under the force clause of the Armed Career Criminal Act *708 ("ACCA"), 18 U.S.C. § 924(e)(2)(b). Dembry v. United States , 914 F.3d 1185, 1187-88 (8th Cir. 2019). "The relevant definition of a violent felony under the ACCA and the definition of a crime of violence under the guidelines are so similar that we generally consider cases interpreting them interchangeably." United States v. Sykes , 914 F.3d 615, 620 (8th Cir. 2019) (internal quotation marks omitted). Applying this logic, we hold that Illinois robbery is a crime of violence under the guidelines. And because Illinois robbery is a crime of violence, so too is Illinois attempted robbery. See U.S.S.G. § 4B1.2(a)(1) n.1 (noting that a "crime of violence" includes attempts to commit such an offense). This conclusion is consistent with Seventh Circuit decisions, which have "repeatedly held that Illinois robbery is a crime of violence under the 'force' clause of § 4B1.2(a)(1)." United States v. Davis , 712 F. App'x 578, 579 (7th Cir. 2018), cert. denied , --- U.S. ----, 138 S.Ct. 2695, 201 L.Ed.2d 1085 (2018).
For these reasons, we affirm Brown's sentence.

The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.