**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 170635-U

Order filed November 5, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0635 Circuit No. 16-CF-2458 |
| | ) | |
| DEANDRE C. BOLDEN, | ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Schmidt and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The evidence was sufficient to prove that defendant took a substantial step toward committing the offense of residential burglary by ringing the doorbell of a residence. Defendant's two convictions for attempted residential burglary merged per the oral pronouncement of the circuit court.

¶ 2    Defendant, Deandre C. Bolden, was found guilty of two counts of attempted residential burglary. The Will County circuit court stated orally that the counts merged for sentencing purposes, but the written sentencing order showed that concurrent sentences of six years' imprisonment had been entered on each count. On appeal, defendant argues that the evidence

was insufficient to prove him guilty of attempted residential burglary as charged in count I. Defendant also argues that his conviction on one of the two counts of attempted residential burglary should be vacated under the one-act, one-crime rule and pursuant to the court's oral pronouncement. We affirm and remand with directions.

¶ 3                                                    I. BACKGROUND

¶ 4        Defendant was charged with two counts of attempted residential burglary (720 ILCS 5/8-4(a), 19-3 (West 2016)). Count I alleged that defendant performed a substantial step toward the commission of residential burglary in that he rang the front doorbell at a certain residence with the intent to knowingly and without authority enter the residence and commit a theft. Count II alleged that defendant performed a substantial step toward the commission of residential burglary in that defendant pried open the rear screen door at the residence with the intent to knowingly and without authority enter the residence and commit a theft.

¶ 5        A bench trial was held. Peggy Calcanas testified that she was in her house taking a shower on the morning of the incident. She was the only person home. She heard the doorbell ring three or four times, and she exited the bathroom. She saw a young man who she did not know at the door. He had a backpack and cell phone. Calcanas identified defendant in court as the man she saw at her door, and she identified State's Exhibit No. 1 as the backpack defendant was carrying.

¶ 6        Calcanas did not answer the door. She returned to the bathroom and finished getting ready. She then looked at her home security camera footage to see if she could find where defendant went. She saw on the video footage that defendant had gone down a bike path behind her residence. She then looked out a window and saw that defendant was in her backyard. She was scared and called 911. Calcanas saw defendant on her patio. He put his head in the screen

door and looked in. He then jerked the screen up and pushed it to the side. This damaged the screen door and broke the lock on it. Calcanas started yelling at defendant and told him to get away from her house. Defendant leaned back and put his hands up. The 911 dispatcher then told Calcanas to go to the front door to wait for the police. Calcanas did not know what happened to defendant after that.

¶ 7    Calcanas testified that approximately 10 to 15 minutes elapsed between the time defendant was at the front door and the time he was at the back door.

¶ 8    Video footage from the security cameras at the Calcanas residence was played for the court. The videos showed a man with a black backpack ride a bicycle to the residence and ring the doorbell. Eventually, he got on his bike and rode away from the residence.

¶ 9    Scott Gregory testified that he worked at a store that bought and sold movies, music, video games, toys, and electronics. Approximately two weeks before the incident, defendant came into the store and tried to sell Star Wars figurines. Defendant was carrying a black backpack. Gregory purchased several figurines from defendant. Defendant returned to the store two days later with the same black backpack. Defendant sold several DVDs to Gregory that day. Gregory identified State's Exhibit No. 1 as the backpack defendant was carrying.

¶ 10    The parties stipulated that on the day of the incident, a police officer recovered a bicycle and State's Exhibit 1—a black backpack—on the bike path behind the Calcanas residence.

¶ 11    The court found defendant guilty of both counts. The court reasoned:

> "So the charges are attempt residential burglary for ringing the doorbell and then ripping off the screen. It's the Court's opinion and deduction, after listening to all the evidence and all the circumstances, that the ringing of the doorbell was an attempt to check to see if anybody was home, no response,

3

leaves, conceals the bike and the backpack or leaves them somewhere, doesn't bring them with him and then tries to break in but is caught."

¶ 12 The court stated that it was sentencing defendant to six years' imprisonment. The original written sentencing order shows that defendant was sentenced to six years' imprisonment on count I. It does not indicate that any sentence was imposed on count II.

¶ 13 Defendant filed a motion to reconsider his sentence, which was denied. At the hearing on the motion to reconsider, the clerk advised the court that it had only sentenced defendant on count I. The clerk stated that the court needed an amended mittimus to show the sentence on count II, since defendant was convicted of both counts. The court stated that count II merged into count I, so there was "really only a sentence on count I." However, a written amended sentencing order filed the same day stated that defendant received concurrent sentences of six years' imprisonment on count I and count II.

¶ 14                                                    II. ANALYSIS

¶ 15                              A. Sufficiency of the Evidence on Count I

¶ 16 Defendant argues that the State failed to prove beyond a reasonable doubt that he committed attempted residential burglary as charged in count I because ringing the doorbell to the Calcanas residence was not a substantial step toward the commission of residential burglary. We find that the evidence was sufficient to prove defendant guilty of attempted residential burglary as charged in count I.

¶ 17 Challenges to the sufficiency of the evidence are reviewed under the standard set forth in *People v. Collins*, 106 Ill. 2d 237 (1985). Under the *Collins* standard, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

4

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* at 261 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶ 18     Defendant argues, however, that the standard of review is *de novo*. Defendant contends that the issue in this case is one of statutory construction because his position is that ringing a doorbell is an innocuous act that, as a matter of law, can never be a substantial step toward the commission of the offense of residential burglary. This court considered a similar argument in *People v. Norris*, 399 Ill. App. 3d 525, 529-30 (2010). In *Norris*, the defendant argued that the *de novo* standard of review applied because he was "raising only a narrow legal issue regarding whether certain undisputed facts, as a matter of law, [were] sufficient to constitute the substantial-step element of the offense of attempted theft by deception." *Id.* at 530. This court rejected the defendant's argument and held that the *Collins* standard applied. *Id.* We reasoned that "[w]hether a defendant's conduct constitutes a substantial step toward the commission of a specific crime is a question of fact that must be determined on a case-by-case basis from all of the unique facts and circumstances surrounding the events in question." *Id.*

¶ 19     We agree with our approach in *Norris*, and we find that the *Collins* standard is the appropriate standard of review in this case. See *id.*; *People v. Lipscomb-Bey*, 2012 IL App (2d) 110187, ¶ 22. But see *People v. Hawkins*, 311 Ill. App. 3d 418, 423 (2000) ("Whether the uncontested facts constitute a substantial step under the applicable statute is a question of law requiring a *de novo* standard of review.").

¶ 20     We proceed to consider whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found that defendant committed the offense of attempted residential burglary. To prove defendant guilty of attempted residential burglary as charged in count I, the State was required to prove that defendant (1) had the intent to commit

5

the offense of residential burglary and (2) did an act that constituted a substantial step toward the commission of the offense. 720 ILCS 5/8-4(a), 19-3(a) (West 2016).

¶ 21     Initially, we find that the trial evidence showed that defendant had the intent to commit the offense of residential burglary at the Calcanas residence. He rode up to the residence on his bicycle while carrying a backpack. He had brought the same backpack to a store several days before the incident and sold figurines and DVDs to the store. When defendant arrived at the Calcanas residence, he rang the doorbell several times. When no one answered the door, defendant rode his bicycle on a path behind the house, left the bicycle and backpack on the path, approached the house from the back, and attempted to enter the house. Viewed in the light most favorable to the State, this evidence supports an inference that defendant intended to enter the Calcanas residence through the back door and commit a theft.

¶ 22     We also find that, viewing the evidence in the light most favorable to the State, defendant performed a substantial step toward the commission of the offense of residential burglary by ringing the doorbell to the Calcanas residence. "Precisely what is a substantial step must be determined by evaluating the facts and circumstances of each particular case." *People v. Smith*, 148 Ill. 2d 454, 459 (1992). "A substantial step occurs when the acts taken in furtherance of the offense place the defendant in a dangerous proximity to success." *People v. Oduwole*, 2013 IL App (5th) 120039, ¶ 44. The act constituting the substantial step " 'must not be too far removed in time and space from the conduct which constitutes the principal offense.' " *Smith*, 148 Ill. 2d at 463 (quoting Ill. Ann. Stat., ch. 38, ¶ 8-4, Committee Comments-1961, at 499 (Smith-Hurd 1989)). Mere preparation to commit an offense is not a substantial step. *Id.* at 459. Our supreme court has noted that "determining when preparation to commit an offense ceases and perpetration of the offense begins is one of the most troublesome problems in the area of inchoate offenses."

(Internal quotation marks omitted.) *Id.* at 459 (quoting *People v. Terrell*, 99 Ill. 2d 427, 459 (1984), quoting Ill. Ann. Stat., ch. 38, ¶ 8-4(a), Committee Comments-1961, at 498-99 (Smith-Hurd 1987)).

¶ 23    Under the facts and circumstances presented in this case, defendant's act of ringing the doorbell constituted a substantial step toward the commission of the offense of residential burglary. The court found that ringing the doorbell was an attempt to determine whether anyone was home. The act of ringing the doorbell was close in space and time to the principal offense. It occurred at the residence defendant intended to burglarize, and defendant attempted to enter the house from the back door approximately 10 to 15 minutes later. Thus, the act of ringing the doorbell put defendant in dangerous proximity to succeeding in committing a residential burglary.

¶ 24    We note that Illinois courts have looked to the Model Penal Code for guidance in determining whether an act constitutes a substantial step toward the commission of a crime. *People v. Perkins*, 408 Ill. App. 3d 752, 758 (2011); see also *Terrell*, 99 Ill. 2d at 435-36. The Model Penal Code lists types of conduct that, if strongly corroborative of the defendant's criminal purpose, "shall not be held insufficient as a matter of law" to constitute a substantial step. Model Penal Code § 5.01(2) (1985). Among these types of conduct is "reconnoitering the place contemplated for the commission of the crime." *Id.* In Black's Law Dictionary, "reconnoiter" is defined as "[t]o gather information about a rival, an area, etc." Black's Law Dictionary 1464 (10th ed. 2014). In the instant case, the evidence, when viewed in the light most favorable to the State, showed that defendant identified the Calcanas residence as the target of a residential burglary and rang the doorbell to determine whether anyone was home. Accordingly, ringing the doorbell in this case was an act of reconnoitering. When considered in conjunction

7

with the other evidence presented in this case, the act of ringing the doorbell was strongly corroborative of defendant's intent to burglarize the Calcanas residence.

¶ 25     In arguing that ringing the doorbell did not constitute a substantial step, defendant asserts that "[t]he ringing of a doorbell is so common, innocuous, and customary, that no criminal intent should ever be inferred from the ringing of a doorbell." Defendant further argues that "the simple act of ringing a doorbell—an act that is performed nearly always for legitimate, lawful reasons—cannot be shown to be an act that, on its own, demonstrates the criminal intent to commit a residential burglary." Defendant's position appears to be that the act of ringing a doorbell cannot constitute a substantial step toward the offense of residential burglary unless that act alone demonstrates that defendant intended to commit a residential burglary. However, this is not the proper standard for determining whether an act is a substantial step toward the commission of an offense.

¶ 26     Defendant's argument conflates the two elements of the offense of attempt—namely, the intent to commit a specific offense and a substantial step toward the commission of that offense. See *Hawkins*, 311 Ill. App. 3d at 431 ("Intent and a substantial step are two separate and distinct elements of an attempt crime."). The act constituting the substantial step—in this instance, ringing a doorbell—need not, standing alone, show defendant's criminal intent in order to be a substantial step. Rather, other evidence in the case may be considered in determining whether defendant had the requisite intent. The separate issue of whether an act constituted a substantial step toward the commission of the offense is determined by "evaluating the facts and circumstances of each particular case." *Smith*, 148 Ill. 2d at 459. As we have discussed, the evidence in this case was sufficient to prove that defendant intended to burglarize the Calcanas

8

residence and that ringing the doorbell was a substantial step toward the commission of that offense. See *supra* ¶¶ 21-24.[1]

¶ 27                   B. Merger of the Attempted Residential Burglary Charges

¶ 28     Defendant argues that the court violated the one-act, one-crime rule when it entered convictions on both counts of attempted residential burglary because he made only one unauthorized attempt to enter the Calcanas residence. Defendant notes that the court said that the two counts merged, but the amended sentencing order indicated that convictions and sentences had been entered on both counts. The State disagrees with defendant's one-act, one-crime argument but ultimately concedes that the sentencing order should be amended to reflect the court's oral pronouncement that the two counts of attempted residential burglary merged. After reviewing the record and the applicable law, we accept the State's confession of error. See *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993) ("When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls.").

¶ 29                          III. CONCLUSION

¶ 30     The judgment of the circuit court of Will County is affirmed. We remand the matter to the circuit court with directions to amend the sentencing order to show that a conviction and

---

[1]Defendant's conflation of the two elements of the offense of attempt may be partially caused by the State's choice to charge defendant with two counts of attempt in this case. We question the propriety of charging defendant with separate counts of attempt for taking two different substantial steps—namely, ringing the doorbell and prying open the screen door—toward the commission of a single residential burglary. See *People v. Witherspoon*, 379 Ill. App. 3d 298, 316-17 (2008) (Appleton, J., specially concurring in part and dissenting in part) ("The policy behind the offense of attempt is to punish dangerous proximity to the substantive offense [citation], not, specifically, the substantial steps (which, absent the criminal intent, could be innocuous in themselves). *** Subdividing an attempt into numerous miniattempts, one for each overt act, perversely enhances the risk of successive prosecution for the same wrong."). The issue of the potential impropriety of charging defendant with two separate counts of attempt did not arise in this case, as the court merged the two counts and entered only one conviction. See *infra* ¶ 28.

sentence were entered on only one count of attempted residential burglary in accordance with the court's oral pronouncement that the two counts of attempted residential burglary merged.

¶ 31      Affirmed and remanded with directions.