(No. 20172.—

THE PEOPLE *ex rel.* Mary S. Johnston, Plaintiff in Error, *vs.* JOHN E. TRAEGER, Sheriff, *et al.* Defendants in Error.

*Opinion filed June 20, 1930.*

JESSE N. BAKER, RICHARD E. WESTBROOKS, and DE-FRANTZ R. WILLIAMS, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, and J. KENT GREENE, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Mary S. Johnson, was arrested by defendant in error William Russell, commissioner of police of the city of Chicago, under a warrant issued by the Governor of this State under the seal of the State, upon the demand of the executive of the State of Michigan for plaintiff in error as a fugitive from justice, and she was by Russell placed in the custody of defendant in error John E. Traeger, sheriff of Cook county, to await her delivery to the agent of the State of Michigan named in the demand of the executive. Plaintiff in error sued out a writ of *habeas corpus* from the criminal court of Cook county, and after a hearing the criminal court adjudged that she be remanded to the custody of the sheriff. She has sued out a writ of error from this court to review the proceedings.

Plaintiff in error's first point is that in extradition proceedings the papers of the demanding State shall show by competent proof that the accused is substantially charged

with an offense against the laws of the demanding State,— *i. e.,* that the papers must charge a crime and must make out a *prima facie* case against the accused in respect to the crime charged, and that otherwise the rendition of the fugitive will be denied. On November 21, 1927, fur coats of the value of $875 were stolen from a store in the city of Grand Rapids, Kent county, Michigan. On October 31, 1929, Max Baer filed a written complaint, upon oath, in the police court of Grand Rapids, charging Mary J. Booker, alias Johnson, and Jennie Doe, whose real name is unknown, with the larceny, and a warrant was issued thereon. On the 31st of October, 1929, the prosecuting attorney of Kent county, Michigan, made a written application to the Governor of Michigan for a requisition upon the Governor of the State of Illinois for the arrest and rendition of Mary J. Booker, alias Johnson. The application was accompanied by duly certified copies of the complaint filed in the police court of Grand Rapids and the warrant issued thereon. The Governor of the State of Michigan thereupon issued his written demand, with copies of said complaint and warrant attached, upon the Governor of the State of Illinois for the apprehension of Mary J. Booker, alias Johnson, and her delivery to Walter Coe, who was by the demand authorized to receive and convey her to the State of Michigan, there to be dealt with according to law.

The complaint made in the police court of Grand Rapids is one which would be a sufficient complaint for the arrest of a defendant under the laws of the State of Illinois. The Governor of Michigan certified that the complaint and warrant were authentic and duly authenticated in accordance with the laws of Michigan and that the larceny of property of the value of over $25 was a crime under the laws of the State of Michigan. The warrant of the Governor of the State of Illinois is in due form, and recites, among other things, that the Governor of the State of Michigan has produced and laid before the Governor of the State of Illinois

a copy of the complaint and warrant, certified as authentic by the Governor of Michigan, charging Mary J. Booker, alias Johnson, with having on the 21st of November, 1927, in the county of Kent, State of Michigan, committed the crime of larceny, which is certified to be a.crime under the laws of Michigan. The papers seem to be regular in all respects and to meet all statutory requirements. When it appears, as it does here, that the affidavit or complaint made against the alleged fugitive was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,—the judiciary should not interfere on *habeas corpus* and discharge the accused upon technical grounds and unless it be clear that what was done was in plain contravention of law. In *People* v. *Pease,* 52 U. S. (L. ed.) 121, heard upon writ of error to review a final judgment of this court in a case of *habeas corpus,* the following principles are laid down:

"1. A person charged with crime against the laws of a State and who flees from justice,—that is, after committing the crime leaves the State, in whatever way or for whatever reason, and is found in another State,—may, under the authority of the constitution and laws of the United States, be brought back to the State in which he stands charged with the crime, to be there dealt with according to law.

"2. When the executive authority of the State whose laws have been thus violated makes such a demand upon the executive of the State in which the alleged fugitive is found as is indicated by the above section (5278) of the Revised Statutes,—producing at the time of such demand a copy of the indictment, or an affidavit certified as authentic and made before a magistrate, charging the person demanded with a crime against the laws of the demanding State,—it becomes, under the constitution and laws of the United States, the duty of the executive of the State where

the fugitive is found to cause him to be arrested, surrendered and delivered to the appointed agent of the demanding State, to be taken to that State.

"3. Nevertheless, the executive upon whom such demand is made, not being authorized by the constitution and laws of the United States to cause the arrest of one charged with crime in another State unless he is a fugitive from justice, may decline to issue an extradition warrant unless it is made to appear to him, by competent proof, that the accused is substantially charged with crime against the laws of the demanding State, and is, in fact, a fugitive from the justice of that State.

"4. Whether the alleged criminal is or not such fugitive from justice may, so far as the constitution and laws of the United States are concerned, be determined by the executive upon whom the demand is made in such way as he deems satisfactory, and he is not obliged to demand proof, apart from proper requisition papers, from the demanding State that the accused is a fugitive from justice.

"5. If it be determined that the alleged criminal is a fugitive from justice, whether such determination be based upon the requisition and accompanying papers in proper form, or after an original, independent inquiry into the facts, and if a warrant of arrest is issued after such determination, the warrant will be regarded as making a *prima facie* case in favor of the demanding State and as requiring the removal of the alleged criminal to the State in which he stands charged with crime, unless in some appropriate proceeding it is made to appear that he is not a fugitive from the justice of the demanding State.

"6. A proceeding by *habeas corpus* in a court of competent jurisdiction is appropriate for determining whether the accused is subject, in virtue of the warrant of arrest, to be taken as a fugitive from the justice of the State in which he is found to the State whose laws he is charged with violating.

**152**

"7. One arrested and held as a fugitive from justice is entitled of right, upon *habeas corpus*, to question the lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the constitution and laws of the United States, a fugitive from the justice of the demanding State, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant."

It is contended by plaintiff in error that she is a resident and a tax-payer of the State of Illinois and that consequently she is not a fugitive from justice from Michigan. A person who has committed a crime and thereafter leaves the State in which the crime was committed, in whatever way or for whatever reason, and thereafter is found in another State, is regarded in law as a fugitive from justice. Section 2 of chapter 60 of our statutes provides that one of the defenses that can be made against extradition is, "(4) that he is not a fugitive from the justice of the demanding State, *i. e.*, that he was not physically present in the demanding State on or about the date upon which the offense of which he is charged is alleged to have been committed." There is evidence in this case to the effect that plaintiff in error was in Grand Rapids on the date of the commission of the offense and also evidence of an admission made by her to one of the officers that she was there at that time. This evidence, while denied by plaintiff in error, was sufficient to meet the requirements of the law. When it is conceded or so conclusively proved that no question can be made that the person was not within the demanding State when the crime is said to have been committed and his arrest is shown on the ground, only, of a constructive presence at that time in the demanding State, then the court will discharge the defendant, (*Hyatt* v. *New York*, 188 U. S. 691,) but the court will not discharge a defendant arrested under the Governor's warrant where

there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused. *Munsey* v. *Clough*, 49 U. S. (L. ed.) 515.

It is next contended that plaintiff in error is not the person named in the warrant and that she had never been known as Mary J. Booker, alias Johnson. The middle initial of a person's name is mere surplusage and is immaterial. While plaintiff in error testified that her name was Mary S. Johnson and that she had never been known as Mary J. Booker, alias Johnson, she had previously been married and divorced and resumed her maiden name of Johnson. On the trial she was identified by a Chicago police officer as Mary Booker. The question which was before the circuit court was not as to the identity of the person of plaintiff in error with the person who committed the crime but of her identity with the person named in the Governor's warrant. The latter was amply proved. When a person is held in custody as a fugitive from justice under an extradition warrant in proper form and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the constitution and laws of the United States. *People* v. *Pease, supra.*

The evidence in the *habeas corpus* proceeding failing to show that plaintiff in error was entitled to her discharge, the criminal court rightfully remanded her to the custody of the sheriff to await the agent of the State of Michigan.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*