THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM MOTON, Defendant-Appellant.

Third District    No. 3—94—0202

Opinion filed February 16, 1996.

Ronald Packowitz, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a stipulated bench trial, defendant William Moton was convicted of unlawful use of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1992)). He was sentenced to serve five years in the Department of Corrections. In this appeal, defendant argues that: (1) the State failed to prove him guilty beyond a reasonable doubt; (2) the court improperly denied his motion to suppress statements; and (3) the court failed to obtain a written jury waiver. We find that the State's evidence was insufficient. Therefore, we reverse defendant's conviction without addressing issues (2) and (3).

The record establishes that defendant was initially charged by indictment on March 10, 1993, as "William Moton." On September 15, 1993, a new indictment was returned against "William Moton a/k/a William B. Morton a/k/a William Morten." Both instruments charged that on February 26, 1993, defendant possessed a .357 magnum handgun and that he had been previously convicted of selling cocaine, a felony, in Shelby County, Tennessee.

On November 4, 1993, the court heard and denied defendant's motion to suppress statements. Immediately afterward, defense counsel announced that defendant wanted a bench trial. The parties stipulated that the testimony and physical evidence at trial would be the same as that adduced at the suppression hearing. The only additional evidence introduced by the State at trial was a certified copy of a felony conviction entered in Shelby County, Tennessee, against "William B. Morton." The document was certified by the clerk of the Tennessee court on April 28, 1993.

In closing argument, defense counsel argued that the State had not proved beyond a reasonable doubt that defendant had a prior felony conviction. The prosecutor responded that a presumption of identity of persons applied because the bill of indictment included the alias "William B. Morton," and that defendant had made no objection to the aliases. In the alternative, the prosecutor requested an opportunity to reopen proofs and asked the court to take judicial notice that defendant's date of birth as shown on the bail bond form matched the date of birth on the Tennessee judgment of conviction. Without ruling on the prosecutor's request to reopen, the court

determined that the State's evidence was sufficient and found defendant guilty as charged.

On appeal, defendant contends that it was never established that he used the name "William B. Morton"; therefore, it could not be presumed that the Tennessee conviction was his, and his conviction should be reversed. The State responds that the presumption of identity applies because the indictment contained the alias, "William B. Morton," or, in the alternative, the cause should be remanded to determine whether the State should be permitted to reopen proofs.

■ A conviction of unlawful possession of a weapon by a felon cannot be sustained without proof beyond a reasonable doubt of the defendant's prior felony conviction. (720 ILCS 5/24—1.1 (West 1992); *People v. Moore* (1994), 264 Ill. App. 3d 901, 637 N.E.2d 1115.) A certified copy of the defendant's conviction may be offered as proof of an underlying conviction, and if the name on the certified record is the same as the name of the defendant on trial, a rebuttable presumption of identity arises. (*People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353; *People v. Smith* (1992), 148 Ill. 2d 454, 593 N.E.2d 533.) Where the presumption is not rebutted, a defendant is not prejudiced by finding that a certified copy of his prior felony conviction, without more, meets the State's burden of proving this element beyond a reasonable doubt. (*Smith*, 148 Ill. 2d 454, 593 N.E.2d 533; *People v. Walker* (1992), 228 Ill. App. 3d 76, 592 N.E.2d 1.) If the presumption does not apply or is rebutted, other evidence must be adduced to substantiate that the defendant is the person named in the record of conviction. See *Walker*, 228 Ill. App. 3d 76, 592 N.E.2d 1; *People v. Nivens* (1992), 239 Ill. App. 3d 1, 603 N.E.2d 1275.

■ Neither party has provided this court with any authority, and our independent research has revealed none, for applying the presumption to a case where the State's charging instrument includes aliases. In a proper case, it is not error for the State to charge a defendant in his proper name and under an alias. (*People v. Behymer* (1964), 48 Ill. App. 2d 218, 198 N.E.2d 729; *People v. Thomas* (1974), 18 Ill. App. 3d 306, 309 N.E.2d 744.) However, charging a defendant under an alias raises a question of identity on the face of the charging instrument, which, if material, must be resolved by the evidence. *Cf. Behymer*, 48 Ill. App. 2d 218, 198 N.E.2d 729.

■ In this case, there was no identity of names giving rise to a presumption. "Moton" is the surname defendant has used throughout these proceedings. That name appears nowhere on the certified record of conviction admitted at trial. Apparently, the State did not obtain the record from Tennessee until after defendant was first indicted as "Moton." When the document was received bearing a dif-

ferent name, the State simply reindicted defendant using aliases. However, at trial the prosecutor offered no evidence that defendant ever used an alias.

The indictment itself can no more substitute for evidence of defendant's use of aliases than it can be used to prove defendant's commission of the crime it charges. Moreover, the prosecutor's suggestion during closing argument that the court could take judicial notice of birth dates appearing on certain documents came too late. Both parties had rested, and proofs were closed. In any event, the match of birth dates appearing on documents bearing both names would give rise only to an *inference* of identity of persons. It would not satisfy the State's burden of proof beyond a reasonable doubt. See *People v. Harris* (1980), 83 Ill. App. 3d 1123, 404 N.E.2d 1020.

Further, defendant's failure to object to the aliases on the indictment or to admission of the Tennessee conviction documents did not absolve the State of its duty to prove the case beyond a reasonable doubt. Obviously, it is not a defendant's responsibility to assist the prosecution by signalling gaps in the State's evidence.

Without the benefit of a presumption of identity, and lacking any evidence that defendant was the person referred to in the Tennessee conviction of "William B. Morton," the underlying felony was not proved. Having failed to prove its case beyond a reasonable doubt at trial, the State is not now entitled to a remand for a ruling on its request to reopen proofs. The constitutional guarantee against double jeopardy forbids granting the State another opportunity to produce evidence it failed to muster in the first trial. (*People v. Olivera* (1995), 164 Ill. 2d 382, 393, 647 N.E.2d 926, citing *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141.) Accordingly, the defendant's conviction must be reversed outright. *People v. Feld* (1994), 267 Ill. App. 3d 56, 641 N.E.2d 924.

The judgment of the circuit court of Will County is reversed.

Reversed.

LYTTON and McCUSKEY, JJ., concur.