THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN E. BROWN, Defendant-Appellant.

Third District    No. 3—00—0669

Opinion filed November 1, 2001.

Mark D. Fisher and Jeremy B. Harris, both of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, John E. Brown, was convicted of two counts of unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 2000)) and sentenced to concurrent terms of eight years' imprisonment. The defendant now appeals his conviction, alleging that the State failed to prove beyond a reasonable doubt that he was a felon. We reverse.

The defendant, John E. Brown, was charged with two counts of possession of a weapon by a felon. The evidence showed that the weapons involved were found at the home of the defendant. At trial, the State introduced the certified copy of a Cook County conviction naming John Brown to prove that the defendant was a felon. After the close of the State's case, defense counsel moved for a directed verdict, arguing that the State had failed to prove that the defendant, John E. Brown, was the same John Brown named in the certified copy of conviction. The trial court denied the motion. Defense counsel attempted to introduce evidence that there were 49 John Browns listed

in a Chicago phone book, but the court refused to admit the evidence because it was hearsay. The defense rested without presenting any evidence. In closing argument, defense counsel argued that John Brown was an extremely common name and that the defendant was not the same John Brown as named in the Cook County conviction. The jury was not instructed on any presumption of identity. The defendant was convicted. This appeal followed.

■ The defendant asserts that the State failed to prove beyond a reasonable doubt that he was the John Brown named in the Cook County conviction. When reviewing a challenge to the sufficiency of the evidence, the question is whether, viewing the evidence in the light most favorable to the prosecution, any reasonable jury could have found the defendant guilty beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).

■ A presumption is a legal device that permits proof of one fact to substitute for proof of another. *People v. Watts*, 181 Ill. 2d 133, 692 N.E.2d 315 (1998). The law presumes that if the name on a certified copy of conviction is identical to the name of the defendant they are the same person. *People v. Smith*, 148 Ill. 2d 454, 593 N.E.2d 533 (1992). If the presumption is established, the entry into evidence of a certified copy of conviction is sufficient to prove the defendant is a felon beyond a reasonable doubt. *Smith*, 148 Ill. 2d 454, 593 N.E.2d 533. If the presumption is not established, or if the defendant rebuts the presumption, the State must introduce additional evidence to show the defendant and the individual named on the certified copy of conviction are the same person. *People v. Moton*, 277 Ill. App. 3d 1010, 661 N.E.2d 1176 (1996).

■ In the instant case, the named defendant was John E. Brown. The name on the certified conviction was John Brown. This difference in name is sufficient to defeat the presumption of identity. Without the presumption of identity, and with no other evidence that the defendant was the John Brown named in the certified copy of conviction, the State failed to prove its case beyond a reasonable doubt.

We do not find persuasive the State's argument, based on two early twentieth century civil cases, that the middle initial is irrelevant. The cases cited by the State do not involve proof of identity beyond a reasonable doubt. *People ex rel. Johnston v. Traeger*, 340 Ill. 147, 172 N.E. 168 (1930), involved an extradition proceeding, where the court merely had to have reasonable certainty that the individual named in the extradition warrant was the individual standing before it. In *Illinois Central R.R. Co. v. Hasenwinkle*, 232 Ill. 224, 83 N.E. 815 (1908), the issue concerned who had been served with notice in a property action.

For the foregoing reasons, the judgment of the circuit court of La-Salle County is reversed.

Reversed.

HOMER, P.J., and McDADE, J., concur.