# Illinois Official Reports

## Appellate Court

---

**In re S.M., 2015 IL App (3d) 140687**

---

| | |
|---|---|
| Appellate Court Caption | *In re* S.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. S.M., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-14-0687 |
| Filed | February 4, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The adjudication of respondent as a delinquent was reversed due to the insufficiency of the evidence presented by the State during the adjudicatory hearing based on a charge that he unlawfully possessed a concealable handgun, namely, the failure to present any evidence that respondent was under the age of 18, since once the insufficiency of the evidence is raised in the appellate court and the State is held to have failed to prove beyond a reasonable doubt that respondent was under the age of 18, the constitutional guarantee against double jeopardy precludes remanding the cause to the trial court to allow the prosecution to reopen its proof and have a second chance to present the evidence that was not produced during the first trial. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 14-JD-41; the Hon. Albert L. Purham, Jr., Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier and Lucas Walker, both of State Appellate Defender's Office, of Ottawa, for appellant.

Jerry Brady, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices Lytton and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1     The State charged respondent S.M., a minor, with unlawful possession of a concealable handgun under section 24-3.1(a)(1) of the Criminal Code of 2012 (720 ILCS 5/24-3.1(a)(1) (West 2012)). This particular provision of the Criminal Code proscribes the possession of a concealable firearm or handgun for persons under 18 years of age. During the adjudicatory hearing, the State did not present any evidence establishing the "age" element of the offense, but during rebuttal closing argument, it asked the trial court to take judicial notice of the court record showing the court's juvenile jurisdiction attached for matters involving minors under 18 years of age. The trial court found respondent delinquent and sentenced him to complete 18 months' probation. Respondent appeals. We reverse.

¶ 2                                    FACTS
¶ 3     On February 1, 2014, Peoria police officers Anthony Rummans and Sean Johnston responded to a group of people partying and fighting in the street. The officers observed respondent running from the fight, holding his waistband. When Johnston grabbed respondent, respondent broke free, fled on foot, and discarded an object that the officers believed to be a black handgun. Officer Rummans pursued and apprehended respondent. The officers recovered a .25-caliber handgun from the scene near the area where respondent dropped the black object.

¶ 4     The State filed a juvenile petition alleging respondent committed the felony offense of unlawful possession of a concealable handgun. 720 ILCS 5/24-3.1(a)(1) (West 2012). During the arraignment in juvenile court, the court asked respondent his date of birth and age. Respondent replied that he was born May 20, 1997, and was 16 years old.

¶ 5     During the adjudicatory hearing, the State presented the testimony of Officers Rummans and Johnston concerning the events of February 1. However, neither officer testified concerning the respondent's age at the time of the occurrence. After the close of the evidence and during closing argument, respondent argued the State's evidence failed to establish respondent was less than 18 years of age at the time of the occurrence, an essential element of the offense for unlawful possession of a handgun as charged under section 24-3.1(a)(1) of the Criminal Code. 720 ILCS 5/24-3.1(a)(1) (West 2012). During rebuttal argument, the State

responded by stating, "As far as the minor being under 18, the Court should take judicial notice of the file on that."

¶ 6    Addressing the parties' arguments on proof of respondent's age, the court stated:

"The court, this is a juvenile court. Now it's a matter of jurisdiction. He's under 18, otherwise he'd been in adult court. And I don't really think that that's what you want to happen. So, I–I take jurisdiction of these types of cases and I take judicial notice of my court file. So the fact that he's under 18 I don't believe is an issue in this particular matter."

The court found respondent delinquent.

¶ 7    At the dispositional hearing, respondent again argued the State failed to present sufficient evidence of respondent's age. Respondent added that the State failed to properly request the court to judicially notice respondent's age. The court rejected respondent's argument and sentenced respondent to 18 months' probation.

¶ 8    Respondent filed a timely postjudgment motion arguing the State failed to prove respondent was less than 18 years of age. At a hearing on the motion, respondent argued age was an essential element of the offense, and "[t]he fact that this is in juvenile court, doesn't negate the fact that they have to prove that element of the offense." The court continued the hearing to allow the parties to research the issue.

¶ 9    At a second hearing on the postjudgment motion, the State argued the court properly took judicial notice of respondent's age by referring to the court file containing respondent's statement at arraignment that he was 16 years old. The court agreed and denied respondent's motion. Respondent appeals.

¶ 10                                        ANALYSIS

¶ 11    On appeal, respondent contends the State failed to prove every element of the charged offense beyond a reasonable doubt. Specifically, respondent argues the State's evidence failed to prove respondent was less than 18 years of age, an element of the offense. Consequently, respondent requests this court to reverse the judgment of delinquency.

¶ 12    In response, the State argues the court's decision should be affirmed on two alternative grounds. First, the State submits the trial court properly took judicial notice of its own record, revealing that respondent did not challenge the juvenile court's jurisdiction, predicated on respondent being less than 18 years of age, prior to the evidentiary hearing. Alternatively, the State also submits the trial court could have taken judicial notice of another fact of record, respondent's admission during arraignment that he was 16 years of age. Consequently, the State requests this court to affirm the judgment on this basis, which is also supported by the record.

¶ 13    We review the trial court's ruling on an evidentiary matter, including judicial notice, by applying an abuse of discretion standard. *In re A.B.*, 308 Ill. App. 3d 227, 234 (1999); *In re J.G.*, 298 Ill. App. 3d 617, 627 (1998). Similarly, when a finding of delinquency is challenged on appeal regarding sufficiency of the evidence, the applicable standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the delinquency petition were proved beyond a reasonable doubt. *In re W.C.*, 167 Ill. 2d 307, 336 (1995).

¶ 14        In this case, the State's juvenile petition first alleged respondent was less than 18 years of age when the petition was filed for purposes of establishing the court's authority to punish the alleged criminal offense under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2012)). In addition, the State's delinquency petition separately charged respondent with committing the Class 4 felony offense of unlawful possession of a handgun in violation of section 24-3.1(a)(1) of the Criminal Code by possessing a concealable handgun and alleged the minor was under 18 years of age on the date of the occurrence, a required element of that alleged offense. 720 ILCS 5/24-3.1(a)(1) (West 2012). The applicable criminal statute reads as follows:

> "(a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:
>
>> (1) He is under 18 years of age and has in his possession any firearm of a size which may be concealed upon the person[.]" 720 ILCS 5/24-3.1(a)(1) (West 2012).

Section 24-3.1(b) of that same statute provides that the offense is a Class 4 felony if the firearm is alleged to be a handgun, as in the instant case. 720 ILCS 5/24-3.1(b) (West 2012).

¶ 15        When the State alleges a violation of the Criminal Code, due process safeguards protect the accused, whether the prosecution occurs in an adult or a juvenile court. *In re Winship*, 397 U.S. 358, 365-66 (1970). The parties do not dispute that the State was required to prove, beyond a reasonable doubt, the respondent was less than 18 years of age as an element of the offense set out in the juvenile petition. Moreover, the State concedes it did not introduce any evidence establishing the respondent's age prior to requesting the trial court to take judicial notice of its own record after the close of evidence and during closing arguments.

¶ 16        A person's age may be established, beyond a reasonable doubt, as an element of a given offense in several ways. In some cases, the State introduces a certified birth record or offers the testimony of a close relative during a trial in order to establish the age of either an offender or a victim. In other cases, a police officer testifies before the court about an offender's response to inquiries from *law enforcement officers* regarding his age. Such testimony from the officer is admissible and may satisfy the State's burden of proof on the issue of the accused's age. See *People v. Dalton*, 91 Ill. 2d 22, 30 (1982).

¶ 17        However, for reasons that are not apparent in the record, the State neglected to ask either officer to testify about the respondent's age or date of birth. Further, the State did not offer any documentary evidence of age or offer the testimony of a close relative during the evidentiary hearing. Consequently, the defense was able to present a very persuasive closing argument in favor of acquittal, since the State did not introduce any evidence regarding the element of age.

¶ 18        In order to cure the obvious evidentiary deficiency pointed out by the defense after the State's initial closing argument, the State asked the court to "take judicial notice of the file on [respondent's age]" during the State's rebuttal argument. Without reopening the evidence, the court took judicial notice of its file and announced the following finding of fact: "Now it's a matter of jurisdiction. He's under 18, otherwise he'd been in adult court." First, we consider whether the trial court could properly take judicial notice of "the file" in the case now before this court.

¶ 19        Rule 201 of the Illinois Rules of Evidence (Ill. R. Evid. 201 (eff. Jan. 1, 2011)) allows a court to take judicial notice of certain adjudicative facts which are "not subject to reasonable dispute." A fact may be considered "not subject to reasonable dispute" if it is either: (a)

generally known among the local population; or (2) "capable of accurate and ready determination" by consulting sources "whose accuracy cannot reasonably be questioned." *Id.*

¶ 20 We recognize the Act provides that the juvenile court has exclusive jurisdiction to adjudicate criminal offenses committed by persons under 18 years of age. 705 ILCS 405/5-120 (West 2012). In addition, it is well established that a juvenile court may take judicial notice of its own records. *In re Brown*, 71 Ill. 2d 151, 155 (1978). Without considering the timing of the request for judicial notice in the case at bar, we agree with the general premise that a trial court may take judicial notice of the status of the pleadings in a juvenile proceeding.

¶ 21 Next, we address whether the status of the pleadings in this case supports the trial court's finding that the State's evidence proved an element of the offense related to age beyond a reasonable doubt, namely, that this respondent was less than 18 years of age at the time of the offense. Clearly, the defense did not file a motion to dismiss the State's juvenile petition. Under these circumstances, the case law provides that procedural silence with respect to the allegations contained in a charging instrument stating the violation of a criminal offense cannot be construed as a judicial admission by the accused concerning an element of the offense. For example, in *People v. Moton*, 277 Ill. App. 3d 1010, 1013 (1996), this court held that the accused's failure to object to listed alias names set out in the caption of the indictment did not constitute an admission that any one of the multiple alias names correctly identified the defendant. Importantly, in *Moton*, this court held that the failure to contest specific information alleged in the indictment in that case "did not absolve" the State's "duty" to prove the elements of the charged offense beyond a reasonable doubt. *Id.* The same is true in the case at bar.

¶ 22 Moreover, in *In re Greene*, 76 Ill. 2d 204 (1979), our supreme court held that a respondent's age is technically not "a jurisdictional requirement since the juvenile court is simply a division of the circuit court ***. Thus establishment of age, unlike the subject matter jurisdiction of a court [citations], is a matter which can be waived." *Id.* at 213-14. Hence, in the case at bar, respondent's procedural silence with respect to jurisdiction did not admit respondent was less than 18 years of age at the time of the occurrence or absolve the State's burden to establish this fact beyond a reasonable doubt as an element of the alleged criminal violation.

¶ 23 Based on this existing case law, we conclude a trial court may properly take judicial notice of the status of the pleadings during the evidentiary phase of a trial. However, assuming, *arguendo*, the timing of judicial notice in the case at bar was not problematic, the status of the pleadings in this case did not support the trial court's finding that the State's evidence proved beyond a reasonable doubt that defendant was less than 18 years of age.

¶ 24 Next, we consider the State's alternative argument advancing another basis supported by this record on which to affirm the trial court's judgment of delinquency. The State argues the trial court could have taken judicial notice of a pretrial conversation between the court and respondent that took place during the arraignment in the same juvenile proceeding.

¶ 25 It is undisputed that respondent advised the judge that respondent was 16 years of age during his arraignment. Consequently, relying on *Brown*, 71 Ill. 2d at 155, the State submits the trial court could have taken judicial notice of the respondent's statement to the court. In *Brown*, the appellate court reversed the adjudication of delinquency on the grounds that the State did not establish the age of the minor for purposes of a prosecution in juvenile court. However, in *Brown* the minor's age was not an element of the alleged offense of aggravated battery. Later, when the case came before our supreme court in *Brown*, our supreme court

approved taking judicial notice of previous *sworn* testimony from the minor stating he was 15 years of age presented during a hearing held on the same day before the same judge. *Id.* We find the present case is distinguishable from circumstances present in *Brown.*

¶ 26    For example, respondent's statement in the case at bar consisted of an *unsworn* answer responding to direct questioning from the court at the original arraignment. Here, judicial notice of the unsworn, pretrial conversation between the court and this respondent is problematic for several reasons. First, respondent's statement was not provided under oath. Second, the court not only asked respondent a direct question pertaining to jurisdiction, but the same question required a response that was self-incriminating concerning an element of the offense. Finally, if we affirm the trial court's decision on the basis of the unsworn statement now, on appeal, we prevent the defense from having a meaningful opportunity to rebut the contents or object to the admissibility of the respondent's statement as required by existing case law.

¶ 27    The long-established rules of judicial notice allow a trial judge, in rare instances, to take judicial notice of facts, *sua sponte*, "as long as the judge makes clear during *the course of the trial and not after the evidence is closed* what facts and sources are included in the *sua sponte* notice." (Emphasis added.) *People v. Barham*, 337 Ill. App. 3d 1121, 1129 (2003). Additionally, "[i]t is well established that concepts of fair play require that all parties to an action be given a fair opportunity to confront and to rebut any evidence which might be damaging to their position." *Id.* This opportunity to challenge the introduction of respondent's pretrial statement to the court is important in the case at bar due to the potential implications involving this respondent's right against self-incrimination (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10) following a direct question by the court concerning an element of the offense. Consequently, we decline the State's request to affirm the trial court on the basis of information contained in the respondent's pretrial conversation with the court during arraignment.

¶ 28    The State also relies on *In re Ephriam*, 60 Ill. App. 3d 848 (1978), which is also factually distinguishable from the situation in this appeal. In *Ephriam*, age was an element of the charged offense. *Id.* at 850. Yet, unlike the case before us, in *Ephriam*, the State requested the court to take judicial notice of the respondent's age arising out of his previous adjudication of delinquency in the same case. *Id.* at 853. Moreover, the State's revocation petition in *Ephriam* alleged the respondent violated the terms of his existing juvenile probation order, which required a lesser burden of proof by a preponderance of the evidence. Consequently, due to these significant differences, we conclude the *Ephriam* decision does not provide persuasive authority for the State's position in this appeal.

¶ 29    We next consider defendant's argument that the trial court's judicial notice of an adjudicative fact regarding an element of the offense cannot take place without first reopening the evidentiary portion of the hearing. After researching the issue, we were unable to locate a published decision directly on point. However, the decision in *Moton*, 277 Ill. App. 3d 1010, once again provides some helpful guidance for this court.

¶ 30    In *Moton*, like the instant case, the defense challenged whether the State met its burden of proof, beyond a reasonable doubt, concerning an element of the offense. During rebuttal argument, as in the case at bar, the State sought to have the court consider additional evidence by judicial notice. In that case, like the case at bar, the State had not requested the court to exercise judicial notice before the proofs were closed. *Id.* at 1011. In *Moton*, the trial court did

not rule upon the State's request to reopen evidence, but properly restricted its consideration to the evidence the defense had an opportunity to rebut prior to closing arguments. *Id*. at 1011-12. Ultimately, the defense appealed and our court reversed the conviction due to the insufficiency of the State's evidence. In that appeal, the State requested this court to remand the matter to the trial court to rule on the State's unresolved request to reopen proofs. *Id*. at 1012. When declining the State's request to remand the matter to the trial court for the purpose of allowing the State to renew a request to reopen evidence, this court held:

> "[T]he prosecutor's suggestion during closing argument that the court could take judicial notice of birth dates appearing on certain documents came too late. Both parties had rested, and proofs were closed." *Id*. at 1013.

Similarly, it is now "too late" for this court to affirm the trial court's finding with respect to the element of age on the basis of information of record that was not judicially noticed by the judge prior to closing argument.

¶ 31    The outcome of this appeal is further supported by our decision in *People v. Harmon*, 2012 IL App (3d) 110297, ¶ 17, where this court held, "[w]hen the State's evidence is incomplete, the trier of fact may not fill in the gaps in the evidence to support a conviction." Simply stated, once the defense points out the evidentiary weakness in the State's case during the defense's closing argument, the State is not entitled to have a "do-over" by requesting the trial court to supplement the State's completed evidence pursuant to judicial notice.

¶ 32    After carefully reviewing the evidence of record that existed prior to closing arguments in the case at bar, we conclude the State's evidence was insufficient to establish all elements of the felony offense beyond a reasonable doubt. Once the insufficiency of the State's evidence is established before this court on appeal, and having held the State failed to prove its case beyond a reasonable doubt, we hold the constitutional guarantee against double jeopardy forbids remanding the matter to the trial court in order to allow the State to reopen its proof and receive a second opportunity to produce omitted evidence it failed to muster in the first trial. See *Moton*, 277 Ill. App. 3d at 1013.

¶ 33    Accordingly, we conclude the court's decision adjudicating respondent delinquent must be reversed due to insufficient evidence presented by the State during the evidentiary portion of the adjudicatory hearing in the case at bar.

¶ 34                                    CONCLUSION
¶ 35    The judgment of the circuit court of Peoria County is reversed.

¶ 36    Reversed.