**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230407-U

Order filed October 30, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0407 Circuit No. 22-CF-16 |
| TARANCE L. BANKS, | ) ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: (1) Separate convictions for being an armed habitual criminal and unlawful use of a weapon by a felon violated the one-act, one-crime doctrine. (2) The evidence was sufficient to prove defendant's prior felony conviction. (3) The statutes under which defendant was convicted are facially constitutional.

¶ 2      Defendant, Tarance L. Banks, appeals his armed habitual criminal (AHC) and unlawful use of a weapon by a felon (UUWF) convictions, arguing: (1) his UUWF conviction violates the one-act, one-crime doctrine, (2) the State did not prove beyond a reasonable doubt that defendant had a prior 2018 felony conviction, and (3) the statutes criminalizing the possession of weapons

by felons is unconstitutional both facially and as applied to defendant. We affirm in part and vacate in part.

¶ 3                                    I. BACKGROUND

¶ 4        Following a bench trial, defendant was convicted of AHC (720 ILCS 5/24-1.7(a)(3) (West 2022)) and UUWF (*id.* § 24-1.1(a)). Both convictions relied on a prior 2018 conviction for the manufacture or delivery of cannabis (720 ILCS 550/5(d) (West 2018)) as a predicate felony offense. At trial, the State provided a certified copy of conviction for three prior felonies, including the 2018 conviction. Defense counsel stipulated to the admissibility of the certified copies as self-authenticating but asserted that she was not admitting that defendant was a felon.

¶ 5        During closing arguments, defense counsel claimed that the State failed to prove defendant was "Tarance L. Banks" as named on the certified copy of conviction for the 2018 offense because that name was not identical to the name "Tarance Banks" listed on the indictment. In rejecting counsel's argument, the court noted the names were identical except for the middle initial, the unique spelling of defendant's first name appeared in both documents, and the certified copy included a birthdate consistent with defendant's approximate age based on his appearance. The court subsequently denied defendant's posttrial motion to reconsider the issue, emphasizing that defendant never contested that he was not the individual identified in the 2018 conviction record.

¶ 6        Defendant was sentenced to concurrent terms of six years' imprisonment for UUWF and eight years' imprisonment for AHC. During the sentencing hearing, defense counsel argued that the imposition of two separate sentences violated the one-act, one-crime doctrine. Defendant raised the issue again in his motion to reconsider sentence, which was denied.

¶ 7                                     II. ANALYSIS

¶ 8        On appeal, defendant asserts (1) his UUWF conviction violates the one-act, one-crime doctrine, (2) the evidence was insufficient to sustain an AHC conviction because the State failed to prove defendant had two or more prior qualifying offenses, and (3) the statutes under which defendant was convicted are unconstitutional. We address each argument in turn.

¶ 9                                    A. One-Act, One-Crime Violation

¶ 10       Under the one act-one crime doctrine, a defendant cannot be convicted of multiple offenses that stem from the same physical act. *People v. Coats*, 2018 IL 121926, ¶ 11. When more than one conviction is predicated on the same physical act, a sentence should be imposed for the most serious offense and the lesser offenses should be vacated. *People v. Artis*, 232 Ill. 2d 156, 170 (2009). Whether a violation of the one-act, one-crime doctrine occurred is reviewed *de novo*. *People* v. *Smith*, 2019 IL 123901, ¶ 15.

¶ 11       Here, defendant's AHC and UUWF convictions were based on the same physical act of possessing a firearm. The State concedes, and we accept, that the UUWF conviction must be vacated pursuant to the one-act, one-crime doctrine as it is a lesser included offense of AHC. See *People v. Travis*, 2024 IL App (3d) 230113, ¶ 47. Accordingly, we vacate defendant's UUWF conviction.

¶ 12                                   B. Sufficiency of the Evidence

¶ 13       Defendant further argues the evidence presented at trial was insufficient to convict him of AHC because the State failed to prove he was convicted of the requisite number of qualifying felonies as an element of the offense. At the outset, defendant contends that the issue is subject to *de novo* review as a question of law because the 2018 certified copy of conviction did not establish a presumption of identity. We disagree. Defendant's challenge to the sufficiency of the evidence requires us to determine, after viewing the evidence and all reasonable inferences therefrom in the

light most favorable to the prosecution, whether any rational trier of fact could have found that the State proved beyond a reasonable doubt that defendant was the person convicted of the qualifying 2018 felony. See *People v. Brown*, 325 Ill. App. 3d 733, 735 (2001); *People v. White*, 311 Ill. App. 3d 374, 381 (2000); *People v. Coleman*, 409 Ill. App. 3d 869, 873 (2011). Regardless, under either standard our decision remains the same.

¶ 14        To sustain a conviction for AHC, the State had to prove defendant: (1) possessed a firearm, and (2) was convicted of two or more qualifying offenses. See 720 ILCS 5/24-1.7(a) (West 2022). Defendant contends only that there was insufficient evidence to prove he was convicted of a second qualifying offense because the State failed to establish that he was the same individual named in the 2018 certified copy of conviction.

¶ 15        A certified copy of conviction may be used to prove a defendant's prior conviction. *White*, 311 Ill. App. 3d at 380. If the name on the certified copy is identical to the name of the defendant, identity is presumed. *Brown*, 325 Ill. App. 3d at 735. If the presumption does not arise or is rebutted, additional evidence must be presented to show that the defendant is the same person named in the certified copy. *White*, 311 Ill. App. 3d at 380.

¶ 16        Defendant asserts the 2018 certified copy of conviction naming "Tarance L. Banks" was insufficient to create a presumption of identity because it is not identical to the name listed on the indictment as "Tarance Banks." At the outset, defendant provides no legal basis to support his contention that the name of the defendant, for the purpose of establishing a presumption of identity, is determined solely by the name that appears on the indictment. See *People v. Woods*, 2024 IL App (3d) 230592, ¶ 31 ("this court is not a depository into which the parties may dump the burden of argument and research"). Notably, we find that the absence of a middle initial on the indictment here can be reasonably inferred to be an inadvertent omission. Defendant was initially charged in

4

the original complaint as "Tarance L. Banks" and most of the documents filed throughout the entirety of the proceedings—including defense counsel's notice of appearance and defendant's bond slip—identify defendant as "Tarance L. Banks." Moreover, defendant never contended that he was not "Tarance L. Banks" or that he had been misidentified on any court filings as "Tarance L. Banks." These circumstances raise a reasonable inference that defendant's name is Tarance L. Banks, rendering the discrepancy in the indictment inconsequential. See *People v. Ferraro*, 79 Ill. App. 3d 465, 468-69 (1979) (variance between defendant's name listed on complaint as "Rose Marie Farraro" and proof of actual name being "Mary Rose Ferraro" was immaterial where defendant failed to raise the issue, posted bond under the charged name, and defense counsel filed an appearance under the same).

¶ 17    Based on our review of the record, we find the middle initial variance here does not defeat the initial presumption of identity. See *People v. Smith*, 2021 IL App (1st) 190421, ¶ 90 (circuit court judgments may be affirmed on any basis supported by the record). We conclude that the trier of fact could have found, based on the evidence and all reasonable inferences, that defendant was the same person named in the certified copy of conviction. Therefore, the evidence was sufficient to establish defendant's prior convictions as an element of the charged offense.

¶ 18    In coming to this conclusion, we reject defendant's reliance on *Brown* for the proposition that the presumption of identity is defeated when the difference in name is due to a middle initial. See *Brown*, 325 Ill. App. 3d at 735. In *Brown*, the defendant, John E. Brown, asserted he was not the same "John Brown" named in the certified conviction and the difference in name was sufficient to defeat the presumption of identity because both the first and last names were "extremely common." *Id.* Unlike *Brown*, defendant's first name has a distinctive spelling that is identical on both the indictment and the certified copy. Further, defendant made no claim that he

5

had not committed the 2018 offense reflected in the certified copy. See *Smith*, 2021 IL App (1st) 190421, ¶ 62 (additional procedural requirements beyond presumption of identity are unnecessary where a defendant does not deny the prior conviction).

¶ 19                     C. Constitutionality of UUWF and AHC Statutes

¶ 20          Lastly, defendant contends that the statutes he was convicted under are unconstitutional. We recently upheld the facial constitutionality of the UUWF and AHC statutes utilizing the historical analogue framework established by the United States Supreme Court in *New York State Rifle & Pistol Ass'n*, *Inc. v. Bruen*, 597 U.S. 1 (2022). *Travis*, 2024 IL App (3d) 230113, ¶¶ 25, 33. *Bruen* developed a two-part process for evaluating whether a statute regulating firearms is constitutional. *Bruen*, 597 U.S. at 27. The analysis considers "(1) whether defendant's conduct falls within the plain text of the second amendment and, if so, (2) whether there is a justification for the regulation rooted in history and tradition." *Travis*, 2024 IL App (3d) 230113, ¶ 24. In *Travis*, our application of the *Bruen* test determined that: (1) felons are members of "the people" under the plain text of the second amendment; and (2) the disarmament of felons under the challenged statutes is consistent with the nation's longstanding history and tradition of comparable regulations prohibiting criminals and dangerous individuals from possessing firearms. *Id.* ¶¶ 25, 33. We agree with this analysis. Accordingly, we adhere to *Travis* and hold that the UUWF and AHC statutes are facially constitutional under both the United States and Illinois Constitutions.

¶ 21          As defendant's UUWF conviction must be vacated (*supra* ¶ 11), his as-applied challenge to the AHC statute is the only constitutional issue that remains. See *People v. Bass*, 2021 IL 125434, ¶ 30 (courts should only reach constitutional issues if necessary to decide a case). However, defendant failed to raise the issue previously in the circuit court. See *Travis*, 2024 IL App (3d) 230113, ¶ 17 (as-applied constitutional challenges are generally required to have been

raised prior to appeal). Even if we found the record to be sufficiently developed to prevent forfeiture, defendant presents no discernable argument as to why the statute is unconstitutional when applied to the particular facts and circumstances of his case. See *id.* ¶ 35 ("An as-applied challenge requires a showing that the statute violates the constitution as it applies to defendant's particular facts and circumstances ***."). Consequently, defendant has forfeited consideration of this claim. See *Woods*, 2024 IL App (3d) 230592, ¶ 31 (claims that fail to develop supporting arguments are forfeited without further consideration).

¶ 22                                    III. CONCLUSION

¶ 23        The judgment of the circuit court of Du Page County is affirmed in part and vacated in part.

¶ 24        Affirmed in part and vacated in part.