# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### People v. Harmon, 2012 IL App (3d) 110297

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY HARMON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0297 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | June 7, 2012<br><br>July 19, 2012<br>July 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's DUI convictions were reversed where the State's evidence concerning defendant's blood alcohol level was insufficient to support the court's finding that he violated section 11-501(a)(1) of the Illinois Vehicle Code. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-DT-863; the Hon. Domenica Osterberger, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Eric P. Hanson, of Mahoney, Silverman & Cross, LLC, of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion.

Justices McDade and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1    After a bench trial, the court found defendant, Timothy Harmon, guilty of two counts of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2010)) and improper lane usage (625 ILCS 5/11-709 (West 2010)), and imposed a sentence of 24 months of conditional discharge. On appeal, defendant argues that the trial court erred by concluding that "221" on his hospital blood test results meant 0.221 grams of alcohol per 100 milliliters of blood. See 625 ILCS 5/11-501.2(a)(5) (West 2010) (stating that alcohol concentration is measured in grams per 100 milliliters of blood). We reverse.

¶ 2                                    FACTS

¶ 3    On May 22, 2010, defendant was involved in a single-vehicle accident and was transported to Adventist Bolingbrook Hospital (Adventist) for emergency medical treatment. The State charged defendant with driving a motor vehicle while his blood alcohol level was above 0.08 (625 ILCS 5/11-501(a)(1) (West 2010)), driving a motor vehicle while under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2010)), improper lane usage (625 ILCS 5/11-709 (West 2010)), and driving too fast for conditions (625 ILCS 5/11-601(a) (West 2010)).

¶ 4    At trial, Rosemary Brockmeier testified that on the day of defendant's accident, she was employed as a nurse at Adventist. She stated that defendant arrived at the hospital for emergency treatment and his blood was tested in the ordinary course of emergency treatment. The following exchange then occurred between the prosecutor and Brockmeier:

"Q. [Assistant State's Attorney]: What [was] the blood alcohol content indicated of record of the defendant's blood?

A. Um, 221 on admission.

Q. And do you know whether that means whole blood or serum?

A. This is serum."

In addition, the court allowed the State to admit defendant's medical records into evidence which indicated defendant's ethanol intoxication level was "221 on admission."

¶ 5    Following the conclusion of the State's evidence, defendant moved for a directed verdict on the grounds the State had not produced any evidence converting his blood serum level to whole blood. Defendant also argued Brockmeier did not explain what "221" meant on defendant's admitting orders.

¶ 6    In response, the prosecutor asked to reopen proofs so the trial court could take judicial notice of title 20, section 1286.40, of the Illinois Administrative Code, which divides the blood serum number by 1.18 to obtain the whole blood equivalent without reference to any unit of measurement. 20 Ill. Adm. Code 1286.40 (2012). The State also requested permission to recall Brockmeier as a witness, "just so there [was] no confusion" with regard to defendant's blood alcohol level.

¶ 7    The court agreed to take judicial notice of the Administrative Code, but denied the State's request to recall Brockmeier as a witness after the State rested. The trial court granted a directed verdict in favor of defendant with regard to driving too fast for conditions, but denied defendant's motion on the DUI counts and improper lane usage.

¶ 8    After closing arguments, the trial court took the matter under advisement, and rendered a decision on February 3, 2011. In its oral order, the court stated "the real issue I have with this case and why I took it under advisement is whether there is sufficient evidence for me to draw a reasonable inference that the number 221 that is reflected in the ER record and that was testified to by the nurse means point 221 grams per milliliter of blood." The trial court concluded that it could draw the reasonable inference from the evidence that the number 221 meant 0.221 and, after applying the conversion factor, found that defendant's blood alcohol level was 0.187. Based on this finding, the court entered a conviction under section 11-501(a)(1) of the Illinois Vehicle Code (Code). After finding that defendant's blood alcohol level was above 0.08, the court applied the presumptions pursuant to section 11-501.2(b)(3) of the Code and also convicted defendant of DUI of a violation of section 11-501(a)(2) of the Code. See 625 ILCS 5/11-501.2(b)(3) (West 2010). Defendant appeals.

¶ 9                              ANALYSIS

¶ 10    On appeal, defendant argues there was insufficient evidence for the trial court to infer that "221 on admission" meant a blood serum level of 0.221 comparing grams of alcohol per 100 milliliters. The State contends the trial court drew a permissible inference based on the evidence presented during trial.

¶ 11    When faced with a challenge to the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). The trier of fact is responsible for determining witness credibility, the weight to be given to their testimony, and the reasonable inferences to be drawn from the evidence. *People v. Jimerson*, 127 Ill. 2d 12 (1989).

¶ 12    The case law provides that "[a]n inference is a factual conclusion that can rationally be drawn by considering other facts. Thus, an inference is merely a deduction that the fact finder

-3-

may draw in its discretion, but is not required to draw as a matter of law." *People v. Funches*, 212 Ill. 2d 334, 340 (2004). In addition, " '[*w*]*here evidence is presented* and such evidence is capable of producing conflicting inferences, it is best left to the trier of fact for proper resolution.' " (Emphasis added.) *People v. Saxon*, 374 Ill. App. 3d 409, 416 (2007) (quoting *People v. McDonald*, 168 Ill. 2d 420, 447 (1995)).

¶ 13    In the event that the State wishes for the court to convert a blood serum alcohol level to a whole blood alcohol level, the Administrative Code provides a blood serum or blood plasma alcohol concentration should be "divided by 1.18 to obtain a whole blood equivalent." 20 Ill. Adm. Code 1286.40 (2012). The Code also provides, for purposes of the Code, "[a]lcohol concentration shall mean either grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." 625 ILCS 5/11-501.2(a)(5) (West 2010).

¶ 14    While the nurse's testimony in this case established defendant's blood serum level was "221 on admission," her testimony did not indicate the hospital's base unit of measurement for the amount of "221." Without any testimony regarding the hospital's unit of measurement underlying the expressed value of "221," the court presumed "221," as measured by the hospital, required the insertion of a decimal point before the number "221" and "mean[t] point 221 grams per milliliter of blood."

¶ 15    The trial court relied on the decision of *People v. Kotecki*, 279 Ill. App. 3d 1006 (1996). However, in *Kotecki*, the hospital records at issue indicated a precise unit of measurement. In that case, the hospital records included a notation that the number " '153' " was based on " 'UNITS' " identified as " 'MG/DL.' " *Id.* at 1013. Thus, the trial court in *Kotecki* had evidence that the measurement was " 'MG/DL' " and then reasonably inferred " 'MG/DL' " meant milligrams per deciliter. The reviewing court allowed the court to insert a decimal point to convert the expressed ratio to milliliters and held the trial judge did not "arbitrarily" insert a decimal point, but instead "examined the document in evidence and made a reasonable inference *from that document*." (Emphasis added.) *Id.*

¶ 16    Unlike the facts in *Kotecki*, the State, in this case, did not present *any* evidence concerning the unit of measurement employed by the hospital when calculating defendant's level of alcohol present in his blood serum. Here, Brockmeier did not inform the judge regarding the unit of measurement for the blood serum level of "221" and the hospital record itself does not identify the measurement unit the hospital employed. An inference is drawn by first considering other facts and evidence presented at trial. See, *e.g.*, *Saxon*, 374 Ill. App. 3d 409. Without this evidence, the trial judge's inference regarding the unit of measurement employed by the hospital was predicated on "guess, speculation, or conjecture." *People v. Jones*, 174 Ill. 2d 427, 430 (1996) (holding that, while it was not difficult to conclude that three untested packets contained cocaine, such a determination had to be based on evidence and not speculation).

¶ 17    When the State's evidence is incomplete, the trier of fact may not fill in the gaps in the evidence to support a conviction. Even examining all of the evidence in the light most favorable to the prosecution, we conclude the State's evidence did not allow the court to infer that "221" measured the ratio of grams of alcohol per 100 milliliters.

¶ 18    We agree the State did not present sufficient evidence concerning defendant's blood

alcohol level to support the court's finding that defendant was in violation of section 11-501(a)(1) of the Code. In addition, because the trial court applied that statutory presumption to convict defendant of a DUI under section 11-501(a)(2), this conviction must be vacated as well. *People v. Green*, 294 Ill. App. 3d 139 (1997) (statutory presumption only applies if there is evidence presented of whole blood alcohol concentration). Therefore, we reverse defendant's convictions for DUI.

¶ 19                                       CONCLUSION

¶ 20        For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

¶ 21        Reversed.