**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230087-U

Order filed January 5, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0087 Circuit No. 20-CF-315 |
| | ) | |
| GRZEGORZ MICHALIK, | ) ) | Honorable Gary A. Dobbs, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The evidence presented was sufficient to prove defendant guilty beyond a reasonable doubt.

¶ 2    Defendant, Grzegorz Michalik, appeals from his conviction for improper passing of an emergency vehicle causing injury to another. Defendant contends the State failed to prove him guilty beyond a reasonable doubt, arguing there was no evidence presented establishing that the collision caused injury to another. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Defendant was charged by indictment with improper passing of an emergency vehicle causing injury to another (625 ILCS 5/11-907(c) (West 2020)). The charges stemmed from a May 22, 2020, collision where defendant was alleged to have been operating a motor vehicle and

> "failed to yield the right-of-way, exercise due caution, change lanes, reduce speed, or leave a safe distance to multiple authorized emergency vehicles displaying flashing emergency lights and struck a tow truck operator while he was engaged in his duties and wearing reflective clothing, resulting in the injury of James Harsh, the tow truck operator."

A bench trial was held on August 15, 2022.

¶ 5          Relevant to this appeal, Harsh testified that shortly before midnight on May 22, 2020, Illinois State police had called him to the scene of an accident on Interstate 80. Upon arrival, Harsh and Scott Mitchell located a disabled vehicle in the center median. After beginning to tow the disabled vehicle, they found that it needed to be adjusted to avoid striking "the snatch block." Harsh exited the tow truck to complete the adjustments. As he was climbing back into the cab of the tow truck, it was struck. Harsh remembered seeing the trailer come off a semi-truck and slide through the median, stopping in the westbound lanes. The semi-truck stopped in the median. Harsh heard Mitchell screaming his name. Harsh recounted that he "kept telling [Mitchell] [he] was fine. *** And then [he] asked [Mitchell], *** how bad is it? [Mitchell] goes, it's totaled, meaning the tow truck was totaled."

¶ 6          Harsh refused medical treatment on the night of the collision. He indicated he believed he was fine at the time but began to experience pain the next day and went to the hospital for medical attention. The parties entered the following stipulation into the record:

"The stipulation is a *** CAT scan, *** from Morris Hospital. And it is dated 5-24-20. And it reads: Acute fracture to the bilateral lamina at C5 and C6. A tiny fracture fragment is present at the C6 left lamina fracture. This extends three millimeters anterior/medial. May slightly impinge on the central spinal canal/thecal *** sac."

¶ 7    Mitchell testified he accompanied Harsh to help with a collision on Interstate 80. He stood on the side of the road in reflective gear and waved his arms to get people to move into the right lane, further from the tow truck. The tow truck had its amber beacon lights activated. Mitchell observed a sedan and a semi-truck approximately one mile away, driving toward them in the left lane. After half of a mile, the sedan moved to the right lane and passed safely. Mitchell continued to attempt to get the driver of the semi-truck to change lanes, but they did not. Mitchell jumped to the center median and observed "the front end of the flatbed get ripped off and the semi continue."

¶ 8    Illinois State Trooper Miguel Vega testified defendant was the driver of the semi-truck involved in the collision. A video recording from Vega's dashboard camera was admitted into evidence. The video recorded defendant informing Vega he had been cut off by another vehicle.

¶ 9    Defendant testified he was driving in the right lane of Interstate 80, pulling a trailer with a 20-ton load. He was traveling at a speed of 67 or 68 miles per hour until he noticed an accident approximately two miles ahead. After observing the lights of the accident, defendant remained in the right lane and reduced his speed to 62 or 63 miles per hour. Defendant indicated a car passed him, moved to the right lane ahead of him, and stopped suddenly. Defendant swerved into the left lane to avoid striking the car. He testified that moving to the left lane "was the only way not to kill that driver. With that load, if [he] drove into the car, he would have died." Upon swerving into the

3

left lane, defendant's trailer was "thrown to the side," and he entered the median and struck the tow truck.

¶ 10        The court found defendant guilty. In its ruling, the court stated: "I do find, by reason of the stipulation, that as a result of the impact of the trailer to the tow truck, that Mr. Harsh did sustain injuries." Defendant was sentenced to 24 months of conditional discharge. Defendant appealed.

¶ 11                                II. ANALYSIS

¶ 12        On appeal, defendant argues the State failed to prove him guilty beyond a reasonable doubt of improper passing of an emergency vehicle causing injury to another where it failed to demonstrate the collision caused injury to Harsh. Defendant contends the court erred in finding defendant stipulated to causing the injuries recorded in Harsh's May 24, 2020, CAT scan results and that no evidence was presented that Harsh was injured in the collision.

¶ 13        To convict defendant of improper passing of an emergency vehicle causing injury to another, the State needed to prove, beyond a reasonable doubt, (1) defendant drove a vehicle on a highway with at least two lanes; (2) while driving, defendant approached a statutorily authorized emergency vehicle which displayed alternately flashing amber lights; (3) defendant "failed to proceed with due caution, reduce the speed of the vehicle, *** yield the right-of-way by making a lane change ***," or otherwise proceed until he was able to safely pass the authorized emergency vehicle; and (4) in doing so, defendant caused injury to another person. Illinois Pattern Jury Instructions, Criminal, No. 23.80 (approved Jan. 28, 2022). Defendant's arguments concern only the final factor, whether he caused injury to another person due to his collision with the tow truck. Accordingly, defendant has forfeited any additional arguments concerning the remaining factors of the offense. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

4

¶ 14　　　In a challenge to the sufficiency of the evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is not the function of the reviewing court to retry defendant. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). All reasonable inferences in favor of the State are allowed but unreasonable or speculative inferences are not permissible. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). "[I]n weighing evidence, the trier of fact is not required to disregard inferences which flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Jackson*, 232 Ill. 2d 246, 281 (2009). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 15　　　Relevant to this appeal, the evidence demonstrated that Harsh was climbing into the cab of the tow truck when it was struck with great force by defendant's semi-truck. In the immediate aftermath of the crash, Harsh assured Mitchell he was fine but indicated he was in pain the next day. Harsh sought medical attention at the hospital shortly after the collision and had a CAT scan performed. The results indicated Harsh had suffered vertebral fractures. The evidence that Harsh sought medical attention on May 24, 2020, and the extent of his injuries was entered by stipulation.

¶ 16　　　Initially, defendant argues the court erred in finding he stipulated that Harsh's injuries were the result of the collision. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the finding itself is unreasonable, arbitrary, or not based on the evidence." *People v. Sanchez*, 2021 IL App (3d) 170410, ¶ 25. The court indicated it found Harsh was injured because of the collision "by reason of the stipulation" without any further

5

elaboration. The stipulated evidence, that Harsh sought medical attention shortly after the collision and sustained spinal fractures, coupled with Harsh's location at the time of the collision and the force with which defendant's semi-truck struck the tow truck, is sufficient to support a reasonable inference that his injuries were caused by the May 22, 2020, collision. Thus, we hold the court's finding was not against the manifest weight of the evidence.

¶ 17　　　　Next, defendant argues no evidence was presented to show the collision caused Harsh's injuries. Defendant contends the State's evidence is incomplete and, if Harsh were injured because of the collision, there would be direct testimony to that fact. Defendant contends the court may not "fill in the gaps in the evidence to support a conviction." *People v. Harmon*, 2012 IL App (3d) 110297, ¶ 17. It is true the court may not speculate or draw unreasonable inferences; however, it is well established that reasonable inferences are permissible and may support a conviction. See *People v. Newton*, 2018 IL 122958, ¶¶ 24-28. Based on the evidence before the court, that (1) the collision occurred shortly before midnight, (2) the next day Harsh felt pain, (3) shortly thereafter, Harsh sought medical attention, receiving scans which revealed broken vertebrae, we find the inference that Harsh's injuries were caused by the collision to be reasonable and flowed from the evidence presented at trial. Accordingly, after reviewing the evidence in the light most favorable to the State, we conclude the evidence presented was sufficient to sustain defendant's conviction for improper passing of an emergency vehicle causing injury to another.

¶ 18　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　For the reasons stated, we affirm the judgment of the circuit court of Grundy County.

¶ 20　　　　Affirmed.